Burke, J.
This action was brought pursuant to section 167 of the Insurance Law to recover the amount of a judgment which plaintiff has secured against Alessandro Lasigna, the insured, for injuries sustained by the plaintiff while on Lasigna’s premises. We are concerned principally with a single narrow issue: whether the question as to the timeliness of the notice given by the insured to the defendant was properly submitted to the jury or should have been ruled a breach of condition as a matter of law.
The operative facts are few and uncomplicated. Plaintiff, a tenant in Lasigna’s house, fell while descending the back stairs. Apparently unhurt he arose without assistance and told Lasigna, who had come into the hall upon hearing the noise, “It’s all right ”. After the mishap he worked regularly at his job as a construction laborer, unaware that he had *129 incurred any injury. Some three weeks later, however, his hack began bothering him. On May 28, 1951, three and one-half months after the fall, he was told by his doctor that as a result of the accident he had suffered a serious back injury which would require an operation. During the interval between the accident and the plaintiff’s first apprisal of its association with his injured back, he had mentioned to Lasigna, who was foreman on the job where he worked, that he was bothered by a backache. There is nothing in the record to indicate that Lasigna or the injured plaintiff at that time realized the connection between the fall and the back condition. It is clear, however, and is in fact conceded by the plaintiff, that the insured, as early as May 28,1951, was fully aware that the back injury was the result of the accident. Despite this, written notice was not forwarded to the defendant insurer until July 18, over a month and a half later.
At the end of the trial defendant moved for a dismissal of the complaint and direction of the verdict on the ground that timely notice, as required by the policy, had not been given. The motion was denied by the trial court. In the view we take, this ruling was error.
The policy clause upon which appellant rests its defense reads as follows: “ Notice of occurrence When an occurrence takes place written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable ” (emphasis supplied).
It is unquestioned that a failure to satisfy the requirements of this clause by timely written notice vitiates the contract as to both the insured and the plaintiff recovering a judgment against him (Bazar v. Great Amer. Ind. Co., 306 N. Y. 481; see Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271, 275) and that the term “ as soon as practicable ”, like various similar expressions in other liability policies, requires that written notice be given within a reasonable time under all the circumstances (Vanderbilt v. Indemnity Ins. Co. of North America, 265 App. Div. 495, 496; see 8 Appleman on Insurance Law and Practice, § 4734, p. 105). It is also well settled that the reasonableness of a delay, where mitigating circumstances such as absence from the State or lack of knowledge of the occurrence or its seriousness are offered as an excuse, is usually for the jury (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304; *130 Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51; see, also, Gluck v. London & Lancashire Ind. Co. of America, 2 A D 2d 751, affd. without opinion 2 N Y 2d 953). On the other hand, absent an excuse or mitigating circumstances, courts have assumed the function of determining fulfillment of the condition. Thus in the Rushing case (supra, p. 304) Cardozo, Ch. J., stated that as a matter of law, ‘ ‘ In the absence of explanation or excuse, a notice of an accident withheld for twenty-two days is not the immediate notice called for by the policy ”. In an earlier case this court, having found no mitigating circumstances, held that a delay of 10 days was unreasonable as a matter of law (Haas Tobacco Co. v. American Fidelity Co., 226 N. Y. 343; see, also, Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356 [33 days]; Reina v. United States Gas. Co., 228 App. Div. 108, affd. 256 N. Y. 537 [26 days]; Vanderbilt v. Indemnity Ins. Co. of North America, supra [28 days]).
Plaintiff’s action is barred by the force of these latter decisions. The Appellate Division in finding that the record presented a question for the jury relied upon the case of Melcher v. Ocean Acc. & Guar. Corp. (supra). That reliance was misplaced. The Melcher case is authority for the proposition that ignorance of the fact that injury has resulted from an accident may excuse a delay in giving notice. Here it is conceded that as of May 28 the insured was fully apprised of the fact that the fall had resulted in serious injury to the plaintiff. Had notice been given shortly thereafter the reasonableness of the delay would have been properly for the jury to determine. Under those circumstances it might have been found that the insured’s ignorance excused the failure to give notice at an earlier date; this in accordance with the Melcher decision. Obviously, however, once the insured was made fully aware of the seriousness of the injury and its relation to the accident, the excuse of ignorance was no longer cognizable. In the Melcher case written notice was given the insurer 3 days after plaintiff was first informed as to the injury (226 N. Y. 51, 55). In the present case a period of some 51 days intervened. An unexcused delay of that length constitutes a breach of condition as a matter of law within the above-cited cases.
Gluck v. London & Lancashire Ind. Co. of America (supra) urged in support of the judgment below is equally inapposite, *131 There the insured had testified that the reason for the delay was his unawareness that the contract of insurance covered the accident. There, as in the Melcher case (supra), once the insured was alerted to the contract coverage he gave prompt notice. Because the effect of the policy language governing coverage was at the time of the accident and for some time after it by no means well settled, the reasonableness of the insured’s confusion and consequent delay was deemed a question for the jury. As already indicated, however, in the case at Bar the excuse relied upon still leaves unaccounted for a period of 51 days.
Plaintiff argues that defendant should be estopped from disclaiming liability. That contention is at variance with the established law of the case contained in the charge to the jury. As the case was submitted to the jury it involved only one issue and that was whether timely notice had been given. No suggestion of waiver or estoppel was made. Although plaintiff was entitled and had the opportunity to request that these theories be made part of the case, he declined or omitted to do so. That being the situation, ‘ ‘ The judgment must stand upon the case as it went to the jury ” or not at all (Martin v. Pettit, 117 N. Y. 118, 122; see Brown v. Du Frey, 1 N Y 2d 190, 195-196).
The judgments in favor of plaintiff should be reversed and the complaint dismissed, with costs in all courts.