Emilio Nunez, J.
Motion Tby defendant insurance company to dismiss the complaint in this action to recover moneys paid by plaintiff, MVAIC, to third parties in connection with an automobile accident in this State between said third parties and defendant’s insured. The defendant claims legal incapacity of plaintiff to sue, legal insufficiency of the complaint, and a defense founded upon documentary evidence. Plaintiff, agreeing to defendant’s initial contention of a lack of legal capacity to bring a plenary suit, cross-moves to serve an amended complaint to change the action to one for a declaratory judgment and also for .summary judgment upon the amended complaint.
Defendant is a Georgia corporation which issued, in November, 1961, a policy of insurance to its said insured, who was then a member of the Armed Forces, stationed in Georgia. The policy was a special one issued to military personnel in compliance with Defense Department directives and afforded the insured, for a six-month effective period, and at the very small total premium of $6.84, coverage for bodily injury liability on his automobile in the amount of $10,000 per person, $20,000 per accident and $5,000 property damage. The policy, however, was specifically limited — and this fact was plainly stated in bold red letters on the face thereof — to accidents occurring ‘ ‘ within the boundaries of any military post, camp or cantonment.” In the same manner, the policy clearly heralded the fact that, “ 2. The insurance shall not be construed to comply with the motor vehicle financial responsibility law of any state or province. ’ ’
Although defendant does not issue policies in the State of New York, in February, 1957, defendant filed with the New York Motor Vehicle Bureau a statement and resolution under section 93-a (subd. 4, par. [c]) [now § 311, subd. 4, par. [c]] of the New York Vehicle and Traffic Law, agreeing to the variance of the terms of its policies to comply with the limits of liability required by this State. It is on the basis of this resolution and statement that plaintiff initially sought reimbursement from defendant and now seeks a declaratory judgment that defendant is liable for the money paid out to third parties in behalf of defendant’s insured.
There is no disagreement that the accident in issue occurred in this State and not on any military post or encampment. Defendant’s special policy was issued, with specified limited territorial coverage, to a serviceman at an extremely reasonable premium rate and apparently as a display of civic responsibility in co-operation with governmental policy. The 1957 statement and resolution, antedating by more than four years, *527 and completely unconnected with, the policy and accident in issue, obviously was intended merely to pertain to standard full coverage automobile liability policies and to bring them within the financial responsibility laws of this State. With knowledge of the resolution and statement filed in this State and others, when defendant issued its special military policy to its insured herein, its intent, that the terms and territorial coverage of this policy not be varied by motor vehicle financial responsibility laws of any State, was clearly evidenced by the plain wording to such effect on the face of the policy. There is no showing that defendant’s insured did not fully accept these limitations upon securing the policy. There is no public policy in this State or other legal requirement cited, which would mandate absurd and unwarranted extensions of insurance coverage, either territorial or otherwise, beyond any proportions ever envisioned by the original contracting parties.
On this basis alone, defendant has incurred no legal liability on the policy in question as to the accident in issue, and the motion to dismiss the complaint for legal insufficiency must be granted accordingly. However, upon the facts and documentary evidence presented, another, and independent, reason appears, which would warrant a granting of the relief requested. It affirmatively appears that neither plaintiff nor defendant’s insured complied with the notice requirements of the policy, conditions precedent to any recovery thereon, and that, as a matter of law, the types of notice mandated were not afforded, the notification finally given was untimely, and the delay involved was unreasonable (see Deso v. London & Lancashire Ind. Co. of America, 3 NY 2d 127).
The motion is, in all respects, granted, and the cross motion is, accordingly, denied.