SECURITY MUTUAL INSURANCE COMPANY OF NEW YORK, Respondent, *v.* ACKER-FITZSIMONS CORP. et al., Appellants, et al., Defendants.

First Department, April 24, 1972.

*Eugene A. Leiman* of counsel (*Rein, Mound & Cotton*, attorneys), for Norman Levy and another, appellants.

*Bernard Trencher* for Acker-Fitzsimons Corp., appellant.

*Thomas F. McCarthy* for Richard Adams and others, appellants.

*William F. McNulty* of counsel (*Anthony J. McNulty* with him on the brief; *Tropp, Goldfinger & Berson*, attorneys), for respondent.

TILZER, J. This is an appeal from a judgment declaring that plaintiff insurer is not required to defend (pursuant to the owners', landlords' and tenants' liability policy issued to defendant Fernley Realty Corp.) the action brought by defendants Adams, Harrington and Manning (hereinafter referred to as the prime action) and further declaring that plaintiff is not required to pay any judgment which may be recovered in that action. The issue is whether the insured complied with the provision of the policy requiring notice as soon as practicable after the occurrence.

On November 29, 1964, plaintiff issued a liability policy to Fernley Realty insuring it against liability for personal injuries arising out of and in connection with the operation of premises 2–10 East 196 Street, Bronx, New York. In addition to the named insured, the policy, by definition, covered defendant Norman Levy, president of Fernley Realty and defendant Acker-Fitzsimons Corp., managing agents of the property. A fire occurred on May 23, 1965, causing the removal of all tenants from the premises. Thereafter, a fence was erected enclosing the premises. It is not disputed that on May 26, 1965, various violations were placed against the premises. On October 4, 1965, a second fire occurred and it is alleged that in the course of attempting to extinguish that fire, three firemen, defendants Adams, Harrington and Manning, were injured. It appears that defendant Levy became aware of the second fire on the afternoon of its occurrence, but there is nothing to indicate that he was then aware that personal injuries had resulted. On November 9, 1965, however, Levy, for the first time, heard rumors that firemen (unnamed) had been injured in the course of fighting the fire. This information was communicated by telephone to one Kannar, an employee of Fernley's insurance broker. Kannar was of the opinion that until a more concrete claim was made, there was no reason to report the incident to the insurer. He was also of the opinion that, in effect, there was no liability since

"firemen go on their own risk." Nevertheless, Levy followed this conversation with a letter requesting the broker to communicate the information to the insurer. In response, Kannar replied by letter stating: "all injuries at the captioned premises officially reported to this office have been reported to the insurer holding the liability coverage. We have no reports of any recent accidents at these premises."

Subsequently, on November 15, 1965, Kannar communicated with one of plaintiff's employees, informing the latter of the contemplated demolition of the premises. Kannar testified and the trial court found that during a telephone conversation on November 16, 1965 plaintiff's agent was informed of the fire of October 4, 1965. On December 19, 1965, the *Sunday News* reported that claims had been filed against the city by two firemen who had allegedly sustained injuries in the October 4 fire. Additional mention was made with respect to the liability of the owners and operators of the premises. Defendant Levy, upon becoming aware of this article, forwarded a photocopy to Kannar. The latter, however, did not comply with the request to forward it to the insurer.

While it appears that the firemen served a notice of claim upon the city on December 17, 1965, it does not appear that any claim was then asserted as against Fernley Realty. The personal injury action by the three firemen was instituted in October, 1966 against the city only. Service upon Acker- Fitzsimons and Fernley Realty was not effected until April 28, 1967. Promptly upon receiving the summons in the prime action, defendant Acker-Fitzsimons informed plaintiff of the pendency of that action.

The trial court concluded that notice of the fire alone was insufficient and that it was the duty of the insured to report any injuries which occurred. We agree that merely informing the insurer, that a fire occurred, in and of itself, was insufficient to comply with the notice provision of the policy. This is liability insurance and the only effective notice would involve the reporting of injuries which resulted from the fire. Thus, as stated earlier, the question is whether the notice given 19 months after the occurrence was given as soon as practicable. Before considering this question however, we note that the numerous exhibits submitted at the trial have been lost. While under certain circumstances this factor might require affirmance of the judgment, we agree with the position taken on argument of the appeal, that the record as it now stands is sufficient upon which to base a determination.

We therefore consider the merits of the controversy. Whether the insured breached the condition of the policy requiring notice as soon as practicable depends in the first instance on whether at any time prior to having been served with the summons in the prime action, there was any duty to give notice to the insurer. Of course, if the insured, after the exercise of reasonable diligence, was without knowledge of the accident resulting in the firemen's injuries, there would be no breach of any duty owing to the insurer under the notice provision of the policy. (See *Deso* v. *London & Lancashire Ind. Co.,* 3 N Y 2d 127; *Rushing* v. *Commercial Cas. Ins. Co.,* 251 N. Y. 302; *Woolverton* v. *Fidelity & Cas. Co.,* 190 N. Y. 41; 8 Appleman, Insurance Law and Practice, § 4742; 13 Couch, Insurance, § 49: 340.)

We believe that the evidence presented at the trial did not establish that the insured had knowledge of facts upon which it could have been concluded that injuries did in fact occur as a result of the October 4, 1965 fire. True, there were rumors. There was also knowledge of a newspaper article which was addressed primarily to the liability claim against the city. However, there was no direct knowledge of injuries; no claim was made upon the insured; no letters of claim were made for or on behalf of the injured parties and no one with actual knowledge ever informed the insured of any injuries.

We are of the further opinion, that the insured, under these facts was not under any duty to pursue and investigate what amounted to little more than rumors. We thus conclude, that there was no duty to report the afore-mentioned rumors to the insurer and hence there was no violation of the policy's provision requiring notice.

We acknowledge, of course, that Levy, acting cautiously, did communicate with his broker, instructing the latter to give notice to the insurer. These instructions were not implemented. Whatever duty the broker owed with respect to his client, the failure to report the information to the insurer cannot constitute a breach of the notice provision in the policy where, as we have determined, there was no duty owing by the insured to give such notice.

Concerning the broker's determination not to report the matter, he apparently believed that not only should notification await the receipt of more substantial information, but that in any event, there was no reason to believe that under the facts then in the insured's possession, there was liability for the accident. Such a belief, broadly speaking, is in accord

with the law (*McGee* v. *Adams Paper & Twine Co.*, 26 A D 2d 186, affd. 20 N Y 2d 921). The broker's actions therefore, were within the principle enunciated by this court in *875 Forest Ave. Corp.* v. *Ætna Cas. & Sur. Co.* (37 A D 2d 11). It was there held that delayed notice of the accident was not a breach of the notice provision of the policy where the insured, acting as a reasonable and prudent person, believed he was not liable for the accident. (See, also, 31 N. Y. Jur., Insurance, § 1281, pp. 81–82.) And it should be noted in the *875 Forest Avenue* case the insured's possession of knowledge that a serious accident had occurred was held not to be conclusive since the circumstances were not such as to indicate liability. Therefore, notice given 14 months after the accident was held proper.

In this case there was never any actual knowledge that injuries had resulted from the fire and additionally, the circumstances did not indicate liability. We conclude that the notice given by the insureds to the plaintiff upon receiving the summons in the prime action 19 months after the occurrence, was given as soon as practicable.

Accordingly, the judgment appealed from should be reversed on the law and the facts with costs and disbursements to defendants-appellants and judgment directed declaring that plaintiff is obligated to defend under the owners', landlords' and tenants' liability policy the action brought by defendants Adams, Harrington and Manning and is further obligated to pay any judgment which may be recovered in that action against defendants Fernley Realty Corp., Acker-Fitzsimons Corp. and Norman Levy.

Settle order on notice.

McNALLY, J. (dissenting). I dissent and vote to affirm.

In this action for a declaratory judgment, defendant corporations (owner, managing agent) appeal from a judgment after a six-day noninjury trial in favor of the plaintiff adjudging that it is not obligated to defend certain personal injury actions or to pay any judgment entered against its insureds in these actions. Some 90 exhibits were offered in evidence in the course of the trial. Through some unexplained circumstance, these exhibits have been lost. Counsel stated on the argument that the appeal could be decided without the exhibits.

The policy issued by Security under which Levy and Acker-Fitzsimons were unnamed insureds was not a policy of fire insurance but a policy of bodily injury liability insurance. The key to the liability of Security under this policy was bodily injury resulting from an occurrence as defined by the

occurrence clause of the policy. The occurrence clause was added to the policy at the time of its issuance. Nevertheless, in my opinion, it did not alter the fact that the policy was a liability policy covering only bodily injury occurring on premises owned by Fernley.

It did not serve the policy requirement of notice that Security may have been given notice of the fire of October 4, 1965 on November 16, 1965. The notice which Security was entitled to receive under the terms of its policy was notice of bodily injury arising from the fire.

It is not disputed that Levy, the president of Fernley, learned on November 9, 1965 that some firemen claimed they were injured during the course of the fire of October 4, 1965. Levy immediately communicated this information to one Kannar, secretary of Acker-Fitzsimons and the insurance broker for Fernley. He then wrote Kannar a letter on the same date requesting him to communicate this information to the liability insurance carrier.

It is further undisputed that on December 27, 1965 Levy sent a photostat of a newspaper clipping from the *Sunday News* of December 19, 1965 to Kannar. This clipping stated that firemen were injured during the course of the fire. Fitzsimons, one of the principals of Acker-Fitzsimons, testified that Kannar showed him the clipping and they both decided not to notify Security since Kannar was of the opinion there was nothing official to report.

Despite the knowledge possessed by Levy, the president of Fernley, and Kannar, the insurance broker of Fernley and Acker-Fitzsimons, the managing agent of the property involved, that some firemen were injured in the fire of October 4, 1965, this information was not communicated to Security until May 5, 1967, 19 months thereafter, when it received a copy of the summons and complaint served on Acker-Fitzsimons.

In *Deso* v. *London & Lancashire Ind. Co.* (3 N Y 2d 127) the Court of Appeals held that a delay of 51 days in notifying the insurer of the accident after it was learned that bodily injury had resulted was an unreasonable delay as matter of law precluding recovery on the policy.

There is no rule that requires a showing of prejudice where it appears that a condition of the liability policy has been broken. Once a condition has been broken, the insurer has the right to seek relief from its contractual obligation. (*Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271; *National Grange Mut. Liab. Co.* v. *Fino,* 13 A D 2d 10, 13; *American*

*Sur. Co.* v. *Mariani,* 130 N. Y. S. 2d 755, affd. 286 App. Div. 1083.)

The difference between the instant case and *875 Forest Ave. Corp.* v. *Ætna Cas. & Sur. Co.* (37 A D 2d 11) is apparent. In the instant case, Levy had notice of the fire and the fact that firemen had made a claim for personal injuries. He concluded it was necessary to notify the insurance carrier. An employee of his own broker, Kannar, assumed not to transmit the notice to the plaintiff. The fact is that Levy's broker did not inform the plaintiff that persons had been injured in the fire. He limited his advice to the insurer to the fact that a fire had taken place, as to which the carrier had no liability since the policy insured against liability, not a fire loss. In *875 Forest Ave.* (*supra*) the plaintiff did not know of any accident claim. The insured had no knowledge of any fact suggesting its liability for the fall from the window which caused the death of the infant. Here Levy had knowledge of claimed injuries as a result of the fire. The plaintiff may not be charged with Kannar's failure or refusal to notify it of the claimed personal injuries arising from the fire.

STEVENS, P. J., and McGIVERN, J., concur with TILZER, J.; McNALLY, J., dissents in an opinion in which KUPFERMAN, J., concurs.

Amended judgment, Supreme Court, Bronx County, entered on September 29, 1970, reversed, on the law and the facts, and judgment directed declaring that plaintiff is obligated to defend under the owners', landlords' and tenants' liability policy the action brought by defendants Adams, Harrington and Manning and is further obligated to pay any judgment which may be recovered in that action against defendants Fernley Realty Corp., Acker-Fitzsimons Corp. and Norman Levy. Defendants-appellants shall recover of respondent $50 costs and disbursements of this appeal.

Settle order on notice.