■ KRAFT FOODS DIVISION OF KRAFTCO CORPORATION, Respondent-Appellant, v AETNA INSURANCE COMPANY, Appellant-Respondent.—Order entered October 21, 1974 and judgment entered November 8, 1974, in the Supreme Court, New York County, in favor of plaintiff, unanimously reversed, on the law, without costs and without disbursements, and plaintiff's motion for summary judgment is denied and the judgment vacated. The matter is remanded to the Supreme Court for a determination of the issue of timeliness of notice to the insurer, Aetna Insurance Company (Aetna), and also for a determination as to what effect, if any, the language of clause (a) of paragraph 4 of the policy has upon Aetna's liability. Plaintiff stored certain of its industrial products with Seaboard National Distribution Center, Inc. (Seaboard) during the months of January through April, 1970. The goods were stored under a contract of bailment and were to be returned to plaintiff as requested, or delivered to its order. During the storage period and apparently on or about April 3 or April 4, 1970, the goods were heavily damaged by water. Seaboard disposed of such goods and thereafter notified plaintiff to that effect. At the time of the damage to and subsequent disposition of the stored goods, Seaboard had coverage under a binder and standard warehouseman's liability policy of insurance issued by Aetna to Seaboard, covering Seaboard's liability for loss or damage to property stored with it. Upon Seaboard's failure or refusal to return plaintiff's goods upon demand, plaintiff commenced suit to recover for damages sustained by it. On February 8, 1971, plaintiff obtained a judgment against Seaboard in the amount of $12,029.76 and, on that date, served notice of entry of judgment on Seaboard and Aetna. However, prior thereto, on February 1, 1971, Seaboard filed a petition in bankruptcy and was subsequently adjudicated a bankrupt. Since the judgment remained unpaid, plaintiff demanded payment of Aetna and, upon its refusal to pay, commenced the instant action pursuant to the binder and section 167 of the Insurance Law. Aetna interposed certain affirmative defenses, including failure to give prompt and timely notice of loss as required by the terms of paragraph 8 of the policy and also that the loss was due to an excluded risk under clause (a) of paragraph 4. After joinder of issue, the parties cross-moved for summary judgment. Plaintiff's motion was granted in the sum of $12,029.76, less $2,500 deductible under the terms of the policy and judgment was entered for $9,529.76 plus interest and costs. Aetna appeals from the order and judgment and plaintiff cross-appeals insofar as the $2,500 deductible was allowed. The policy required that Seaboard give notice of loss within any coverage of the policy "as soon as practicable." On this record, it is impossible to determine if there was compliance with that provision. The

notice of loss defense raises an issue of substance which must be resolved by showing compliance therewith before liability attaches *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 440; Deso v London & Lancashire Ind. Co. of Amer. 3 NY2d 127, 129)*. It must also be determined whether, as Aetna contends, this was an excluded risk. Concur—Stevens, P. J., Markewich, Murphy, Capozzoli and Lane, JJ.