DION L. BAGNATO, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.

Third Department, June 18, 1981

### APPEARANCES OF COUNSEL

*Grasso, Rodriguez, Putorti & Grasso (Michael R. Cuevas* of counsel), for appellant.

*Pemberton, Buchyn & O'Hare (James L. Pemberton* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

On December 23, 1974 plaintiff was injured in an automobile accident. The automobile he was driving was insured by defendant and the policy provided mandatory personal injury protection known generally as "no-fault" benefits. It is undisputed that plaintiff gave defendant notice of the happening of the accident on the same day it occurred.

Defendant duly forwarded forms, referred to in its covering letter as application for no-fault benefits, to plaintiff.

Plaintiff, by his attorneys, forwarded medical bills to defendant, but defendant refused to pay them because the completed application for benefits had not been received. On September 8, 1975 defendant formally notified plaintiff that it was denying any benefits for "failure to submit no fault application for benefits as requested".

Nevertheless, on December 29, 1978, plaintiff, by his attorneys, submitted his entire claim to defendant on its claim forms. On January 8, 1979 defendant rejected the claim because it was not forwarded to it "as soon as reasonably practicable" as required by the policy of insurance.

Plaintiff instituted this action for no-fault benefits by service of a summons and notice on January 24, 1979. The sole defense of defendant is that the policy contains a provision which states as follows:

"Proof of Claim; Medical and Earnings Reports. As soon as reasonably practicable, the eligible injured person or someone on his behalf shall give to Allstate written proof of claim, including full particulars of the nature and extent of the injuries and treatment received and contemplated.

"Upon request by Allstate the eligible injured person or someone on his behalf shall:

"1. execute a written proof of claim under oath;

"2. provide authorization that will enable Allstate to obtain medical records; and

"3. provide any other pertinent information that may assist Allstate in determining the amount due and payable.

"The eligible injured person shall submit to medical examination by physicians selected by, or acceptable to, Allstate when, and as often as Allstate may reasonably require."

Special Term has granted defendant summary judgment upon the finding that the quoted provision was such a condition that violation thereof would vitiate any obligation to pay the benefits at issue.

Although not directly relying upon the case of *Deso v London & Lancashire Ind. Co. of Amer.* (3 NY2d 127),

Special Term in its decision comments that the policy language at issue in this case is comparable to that in *Deso*. However, the provision or condition at issue in *Deso* related to a prompt giving of *written notice* of the happening of an accident whereas in the present case the express condition relates upon its face solely to the payment of benefits. (See 11 NYCRR 65.2, 65.6.)

The regulations of the Superintendent of Insurance expressly provide in 11 NYCRR 65.6 (d) (6) that hospital bills need not be submitted with a written application for benefits *and* in 11 NYCRR 65.6 (c) (2) it is provided that claimants need not submit written applications for benefits under certain circumstances.

The present record reveals that there was a prompt application for benefits by written submission of a hospital bill on January 14, 1975, soon after the accident. Pursuant to 11 NYCRR 65.6 (d) (5) : "An insurer *must* accept proof of claim submitted on a form other than a prescribed form if it contains substantially the same information as the prescribed form. An insurer, however, may require the submission of the prescribed application for benefits and the prescribed hospital facility form." (Emphasis added.) The defendant has not raised any question as to the sufficiency of the January 14, 1975 submission to meet the requirement for mandatory acceptance.

Based upon all of the foregoing, it seems certain that the requirement of a prompt filing of a written proof of claim under the "no-fault" provision of the policy is not intended as a condition of coverage such as is generally the case with notice provisions. (Cf. *Deso v London & Lancashire Ind. Co. of Amer., supra.*) The regulations of the Superintendent of Insurance as quoted hereinabove expressly provide for the satisfaction of the condition at issue by or on behalf of plaintiff by several differing provisions. Suffice it to say that defendant has failed to establish a breach of the policy by plaintiff. The fact that defendant could rightfully refuse to pay the benefits to plaintiff pending receipt of the written application for benefits as demanded by it does not establish any breach of the policy arising out of delay.

Defendant having failed to show any factual issue tending to establish its defense, plaintiff was entitled to a grant of summary judgment.

The order should be reversed, on the law, with costs; defendant's motion for summary judgment denied and plaintiff's cross motion for summary judgment granted.

MAIN, J. P., CASEY, YESAWICH, JR., and WEISS, JJ., concur.

Order reversed, on the law, with costs; defendant's motion for summary judgment denied and plaintiff's cross motion for summary judgment granted.