■ AURELIO ARGENTINA et al., Respondents, v OTSEGO MUTUAL FIRE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. VICTOR ARGENTINA et al., Third-Party Defendants-Respondents. [616 NYS2d 747] —In an action pursuant to Insurance Law § 3420 (a) (2) to recover from the defendant for a default judgment obtained against its insureds, the defendant appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated September 12, 1991, which, after a hearing, granted the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

An insured's good faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying his insurer of an accident (see, *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 503). Whether such belief was, in fact, reasonable is ordinarily a question of fact (see, *Winstead v Uniondale Union Free School Dist., supra,* at 503).

The Supreme Court concluded, after a hearing, that the insureds promptly notified the defendant upon receipt of the summons and complaint. We find that the insureds' belief that they would not be subject to liability was reasonable under all the circumstances. Consequently, their delay in notifying the defendant until after service of the summons and complaint was excusable. Miller, Copertino and Altman, JJ., concur.

Bracken, J. P., dissents and votes to reverse the order, on the law, to deny the plaintiffs' cross motion, and to dismiss the complaint, with the following memorandum, with which Santucci, J., concurs. On September 15, 1985, the plaintiff Aurelio Argentina fell after stepping on a loose brick. This accident occurred while Mr. Argentina was visiting his brother, Victor Argentina. Victor brought Aurelio to the hospital immediately after the accident, and when he saw Aurelio later that night, Aurelio was "all taped up". Victor acknowledged that Aurelio said he had fallen on account of a loose brick in the front of Victor's house.

The defendant Otsego Mutual Fire Insurance Company had issued a homeowner's policy which, subject to certain conditions, provided insurance coverage to Victor Argentina for the liability he might incur as the result of accidents which might occur on his premises. One of the conditions with which Victor Argentina had a duty to comply required that notice of any accident be given to the defendant as soon as practicable. The defendant received no notice of Aurelio Argentina's accident until March 5, 1986, 171 days after the accident had occurred.

Aurelio Argentina and the coplaintiff Nancy Argentina eventually recovered a money judgment against Aurelio's brother Victor, after Victor had defaulted in appearing. In the present action, the plaintiffs seek a money judgment against the defendant on the theory that the defendant is contractually bound to indemnify Victor Argentina with respect to the default judgment already entered against him (see, Insurance Law § 3420 [a] [2]). The defendant seeks to avoid such liability, arguing that its insured, Victor Argentina, failed to provide notice of the accident "as soon as practicable". In addition to answering the complaint in Aurelio Argentina's action against it, the defendant commenced a third-party action against its insureds, Victor and Barbara Argentina.

On September 17, 1990, the third-party defendants Victor and Barbara Argentina moved for summary judgment dismissing the third-party complaint. The plaintiffs then cross-moved to "strik[e] out the defendant/third party plaintiff's answer and directing the entry of summary judgment".

The Supreme Court granted the plaintiffs' motion to the extent of striking certain affirmative defenses asserted in the defendant's answer and directed a hearing "as to the timeliness of the notice to the defendant insurance company". After the hearing, the court directed that summary judgment be

awarded to the plaintiffs and against the defendant. In the order appealed from, the court held that "the plaintiffs are entitled to judgment against the defendant * * * in the sum of $100,000, the limit of [its] personal liability coverage".

The determination of the Supreme Court rests on the implicit finding that the notice of accident furnished to the defendant after a delay of 171 days was "given as soon as practicable". In my view, this holding is incorrect. "The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage * * * There may be circumstances, such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability, that will excuse or explain the delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse" *(White v City of New York,* 81 NY2d 955, 957). Whether an insured's belief that a particular accident would not result in liability is "reasonable" so as to excuse a subsequent delay in providing notice *(see, White v City of New York, supra,* at 957) is ordinarily a question of fact rather than a question of law *(see, e.g., Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 503; *Mobile Home Estates v Preferred Mut. Ins. Co.,* 105 AD2d 883, 884; *Allstate Ins. Co. v Moon,* 89 AD2d 804, 805; *Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472, 474).

In the present case, Victor Argentina, the insured, had knowledge of Aurelio Argentina's accident, as well as knowledge of the extent of Aurelio Argentina's injuries, on the same day the accident occurred, that is, September 15, 1985. As noted above, no notice was provided to the defendant until almost six months later. The Supreme Court may well have been correct in holding that it was not until Victor Argentina had actually received a summons and complaint in connection with the underlying personal injury action that he subjectively believed that he might be held liable. However, it was clearly error to hold, as a matter of law, that Victor Argentina's earlier nonbelief in his potential liability was reasonable.

The facts of *Deso v London & Lancashire Indem. Co.* (3 NY2d 127) parallel those presented here. In *Deso,* a tenant was injured on his landlord's premises and initially told his landlord, " 'It's all right' " *(Deso v London & Lancashire Indem. Co., supra,* at 128). Some time later, however, the tenant's back began to bother him, and the evidence in the record established that the landlord knew as of May 28, 1951, that the tenant's back pains were related to the accident. It

was not until July 18, 1951, that is, 51 days after the occurrence, that the landlord notified his insurance carrier.

In *Deso (supra)*, as in the present case, the injured party had secured a default judgment against the insured and had then brought a "direct action" against the insured's liability carrier (former Insurance Law § 167, now Insurance Law § 3420 [a] [2]). The defendant requested judgment as a matter of law at the end of the trial on the grounds that the 51-day delay was unreasonable as a matter of law. The Supreme Court denied the motion and the Appellate Division affirmed *(see, Deso v London & Lancashire Indem. Co., supra, at 128)*. The Court of Appeals reversed, holding that the action should have been dismissed.

The Court of Appeals in *Deso v London & Lancashire Indem. Co. (supra, at 130)* noted that "as of May 28 [1951] the insured was fully apprised of the fact that the fall had resulted in a serious injury to the plaintiff". While acknowledging that the reasonableness of a short delay would present a question of fact *(see, Deso v London & Lancashire Indem. Co., supra, at 129, citing Rushing v Commercial Cas. Ins. Co., 251 NY 302, 304; Melcher v Ocean Acc. & Guar. Corp., 226 NY 51; Gluck v London & Lancashire Indem. Co., 2 AD2d 751, affd 2 NY2d 953)*, the Court held that "an unexcused delay [of 51 days] constitutes a breach of condition as a matter of law within the above-cited cases" *(Deso v London & Lancashire Indem. Co., supra, at 130)*.

The validity of the holding of the *Deso* case *(supra)* has not been undermined by subsequent case law *(e.g., Mighty Midgets v Centennial Ins. Co., 47 NY2d 12)*. The *Mighty Midgets* case *(supra)* is distinguishable, most obviously, in that the insured in that case had been given false advice as to which of two insurance policies provided coverage for the accident which had taken place. The holding of the *Deso* case is binding on us and it compels the conclusion that summary judgment was incorrectly granted to the plaintiffs.

On the present appeal, both parties request judgment in their favor; neither party argues that the Supreme Court erred in deciding this case after a hearing pursuant to CPLR 3212 (c) rather than after a plenary trial conducted after completion of regular discovery and calendar procedures, and neither party requests that the matter be remitted to the Supreme Court, Richmond County, in the event of a reversal. Under these circumstances, I consider the "order" appealed from to be, in fact, a final determination in favor of the plaintiff after what amounted to a full nonjury trial. Because

the holding of the Court of Appeals in the *Deso* case *(supra)*, as well as other precedent *(e.g., Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721; *Structure Tone v Zurich Ins. Co.,* 193 AD2d 554) lead me to conclude that the decision rendered by the Supreme Court was manifestly against the weight of the evidence produced at what amounted to the equivalent of a nonjury trial, the appropriate disposition is to dismiss the complaint *(see,* 11 Carmody-Wait 2d, NY Prac § 72:169, at 327).