■ KREGER TRUCK RENTING COMPANY, INC., Respondent, v AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, Appellant. [623 NYS2d 623] —In an action, inter alia, for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff in an action entitled Crivaro v Kreger, Index No. 7668/92, pending in the Supreme Court, Kings County, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Garry, J.), dated November 10, 1993, which denied its motion for summary judgment dismissing the complaint, granted the plaintiff's cross motion for summary judgment, and declared that the defendant has a duty to defend and indemnify the plaintiff in the underlying action.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting the plaintiff's cross motion for summary judgment and declaring that the defendant has a duty to defend and indemnify the plaintiff in

the underlying action and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order and judgment is affirmed, with costs to the defendant.

The plaintiff is a commercial landlord. In October of 1990 and July of 1991, the plaintiff's tenant sent the plaintiff letters complaining of leaks in the roof of the demised premises, which had caused damage to the tenant's property. In December of 1991, the tenant commenced the underlying action, *inter alia,* to recover damages for the property damage. The plaintiff forwarded the summons and complaint to its insurance broker, who forwarded them to the defendant, the plaintiff's insurance carrier, on January 5, 1992. Due to the plaintiff's failure to notify the defendant of the tenant's claim prior to the commencement of the underlying action, the defendant refused to defend and indemnify the plaintiff.

The plaintiff then commenced this action, *inter alia,* for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff in the underlying action. The defendant moved and the plaintiff cross-moved for summary judgment. The plaintiff contended, in support of its cross motion, that it had conducted an investigation into the tenant's complaints and that it had reasonably concluded that there was no basis for liability on its part. The Supreme Court granted the plaintiff's cross motion for summary judgment and directed the defendant to defend and indemnify the plaintiff.

It is clear that insurance policy provisions, such as those in this case, requiring notice to the insurance carrier of a potential claim as soon as practicable act as conditions precedent to coverage *(see, White v City of New York,* 81 NY2d 955, 957). While the insured's good faith, reasonable belief that it is not liable may excuse its delay in giving notice *(see, e.g., Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801; *D'Aloia v Travelers Ins. Co.,* 207 AD2d 820, *affd* 85 NY2d 825), the burden is on the insured to show the reasonableness of its belief *(see, White v City of New York, supra; Eveready Ins. Co. v Levine,* 145 AD2d 526, 528). Whether that belief is reasonable is ordinarily a question of fact *(see, Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816; *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 503).

We cannot conclude that the plaintiff's belief that it was not liable was reasonable as a matter of law. The record raises a question of fact with regard to the reasonableness of the plaintiff's investigation into its tenant's complaints and its

resulting conclusion that there is no basis for liability *(see, e.g., Arch-Bilt Container Corp. v Interboro Mut. Indem. Ins. Co.,* 119 AD2d 713). Therefore, the plaintiff's cross motion for summary judgment in its favor should have been denied *(see, Winstead v Uniondale Union Free School Dist., supra).*

We have considered the parties' remaining contentions, and find them to be without merit. Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.