■ 90 8TH AVENUE HOUSING CO., INC., Respondent, v ANDOVER COMPANIES et al., Appellants, et al., Respondent. [631 NYS2d 434] —In an action for a judgment declaring that the defendants Andover Companies and Cambridge Mutual Fire Insurance Company are obligated to defend and indemnify the plaintiff in a personal injury action entitled Patricia Masia, et al., v 90 Eighth Avenue Housing Co., Inc., pending in the Supreme Court, Kings County, Index No. 2671/90, the defendants Andover Companies and Cambridge Mutual Fire Insurance Company appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated April 19, 1994, which denied their motion for summary judgment dismissing the complaint

and granted the plaintiff's cross application for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the plaintiff's cross application for summary judgment and substituting therefor a provision denying the plaintiff's cross application; as so modified, the order is affirmed, without costs or disbursements.

On December 2, 1989, Patricia Masia allegedly slipped and fell on property owned by the plaintiff, who was a policyholder of liability insurance issued by the appellant Cambridge Mutual Fire Insurance Company, a subsidiary of the appellant Andover Companies. On January 22, 1990, Ms. Masia commenced a personal injury action against the plaintiff by service of a summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306. On April 17, 1990, the plaintiff first notified the appellants of the Masia action by forwarding a copy of the summons and complaint to the appellants. On April 20, 1990, the appellants sent a letter of disclaimer to the plaintiff, prompting the plaintiff to commence this action. The appellants subsequently moved for summary judgment dismissing the complaint on the ground that the plaintiff had breached the provision of the insurance contract requiring it to notify the appellants "promptly of an 'occurrence' that may result in a claim."

In opposition to the appellants' motion, the plaintiff submitted an affirmation from its counsel and an affidavit from its president. Those documents merely raise triable issues of fact on the issue of whether the notice of claim that the plaintiff sent to the appellants was reasonable under the circumstances (see, Deso v London & Lancashire Indem. Co., 3 NY2d 127). Moreover, the plaintiff failed to submit the correspondence by which it was notified on the claim in the underlying personal injury action. Accordingly, it was error for the Supreme Court to grant summary judgment in favor of the plaintiff. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.