■ EDMUND J. BERGASSI AGENCY, INC., et al., Respondents, v EMPLOYERS REINSURANCE CORPORATION, Appellant. [669 NYS2d

345] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Apollon Waterproofing & Restoration Corp. Inc. v Bergassi,* presently pending in the Supreme Court, New York County, under index No. 25014/92, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action.

The individual plaintiff, Edmund Bergassi, is the president and sole shareholder of the corporate plaintiff Edmund J. Bergassi Agency, Inc., a licensed insurance and surety brokerage firm (hereinafter Bergassi), which was insured under a liability policy issued by the defendant Employers Reinsurance Corporation (hereinafter Employers). The policy required Bergassi to give the defendant notice "as soon as reasonably possible * * * of * * * any claim made and of any action or suit commenced against" it. In October 1992 Apollon Waterproofing & Restoration Corp. Inc., commenced an action against Bergassi (hereinafter the Apollon action), based on the alleged issuance by Bergassi of fraudulent payment and performance bonds, and which sought, *inter alia,* to recover damages for breach of contract. Bergassi did not notify Employers of the Apollon action until a year later, on October 21, 1993.

It is well settled that the insured's responsibility to notify its liability carrier of a potential claim as soon as reasonably possible operates as a condition precedent to coverage (*see, White v City of New York*, 81 NY2d 955; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436). An insured's good faith, reasonable belief that there is no policy coverage in an action may excuse its delay in giving notice, but the burden is on the insured to demonstrate the reasonableness of its belief (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; Kreger Truck Renting Co. v American Guar. & Liab. Ins. Co.,* 213 AD2d 453; *Can-Am Roofing v American States Ins. Co.,* 229 AD2d 973).

The plaintiffs failed to meet their burden. Bergassi's allegation that it failed to give notice earlier because it thought that the complaint was untrue is an unreasonable excuse for its delay as a matter of law *(see, Deso v London & Lancashire*

*Indem. Co.,* 3 NY2d 127, 129). Bergassi's further argument, that it was not until October 19, 1993, that counsel for Apollon stated that she was going to allege an agency relationship between it and Apollon, is similarly unreasonable as a matter of law, since there is no requirement in the policy with Employers that an agency relationship had to be alleged in any claim against Bergassi. Accordingly, Employers' cross motion for summary judgment should have been granted. The matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment making the appropriate declaration that Employers is not obligated to defend and indemnify Bergassi in the underlying action. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.