(June 23, 1998)

■ FRENCHY'S BAR & GRILL, Also Known as 3392 BAR CORP., et al., Respondents, v UNITED INTERNATIONAL INSURANCE COMPANY, Appellant. [675 NYS2d 31] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 26, 1997, which denied defendant's motion to vacate an order granting plaintiff summary judgment on default, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the default vacated, the motion denied, and the matter remanded for further proceedings.

During an altercation at plaintiff's establishment in April 1995, a female patron was slashed in the face by two other intoxicated individuals, one of whom was allegedly under the drinking age. Defendant, plaintiff's liability insurance carrier, was not notified of the incident until the injured patron commenced an action against plaintiff a year later. When defendant denied coverage for the claim, plaintiff immediately commenced the instant action for breach of contract. After joinder of issue, plaintiff moved for summary judgment in January 1997. The parties stipulated to a three-week adjournment, but when defendant failed to appear or respond, plaintiff was awarded judgment on default. Defendant appeals from denial of its motion to vacate the default.

Relief from a default judgment rests within the sound discretion of the motion court, but the Appellate Division has similar authority upon reviewing an abuse of discretion (*Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831). The standards governing such a motion are a reasonable excuse for the default, the timeliness of the motion to vacate the default, and the existence of a meritorious defense to the action.

We find that defendant offered a reasonable excuse for the default. Two weeks before plaintiff served its motion for summary judgment, defendant's attorney suffered a debilitating spinal injury. During his incapacitation, he directed his firm's calendar clerk to obtain a one-month adjournment. The clerk obtained only a two-week adjournment, but neglected to relay

that information to the attorney when the latter returned to work on the response. Evidence of counsel's incapacitation (*see, Bayer v Domino Media*, 147 AD2d 413), coupled with law office failure (CPLR 2005), should have warranted granting the motion to excuse the default in this instance.

Contrary to the IAS Court's reading of the case, defendant's motion to vacate was made in a timely fashion. CPLR 5015 (a) (1) requires that such a motion be brought within one year after service of the default order. Here, the order, entered June 3, 1997 on a court decision issued three months earlier, was served on June 11. Defendant's motion to vacate was made just five weeks later, on July 16—less than half the time it took for plaintiff to settle the order. The motion was timely.

Finally, plaintiff's own delay of one year in reporting this matter to defendant may very well have prejudiced the latter's ability to defend against the underlying claim. Where, as here, a policy requires that the insurer be notified of a potential claim "as soon as practicable", failure to satisfy this condition precedent to coverage relieves the insurer of responsibility (*White v City of New York*, 81 NY2d 955). And where the insured expresses a belief that there was no potential liability, the reasonableness of that belief is something the insured must prove before a trier of facts (*Kreger Truck Renting Co. v American Guar. & Liab. Ins. Co.*, 213 AD2d 453, 454). Certainly the fact that the injured party needed 25 stitches to close her facial wounds will put plaintiff to the test in this respect. Concur—Lerner, P. J., Nardelli, Wallach, Rubin and Mazzarelli, JJ.