■ UNITED TALMUDICAL ACADEMY OF KIRYAS JOEL, INC., Respondent, v CIGNA PROPERTY AND CASUALTY COMPANY, Appel-

lant. [676 NYS2d 645] —In an action for a judgment declaring that the defendant is obligated to defend, indemnify, or reimburse its insured, the plaintiff United Talmudical Academy of Kiryas Joel, Inc., in an underlying negligence action entitled *Jacobowitz v United Talmudical Academy,* pending in the Supreme Court, Orange County, Index No. 1032/93, the defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated August 4, 1997, which denied its motion for summary judgment declaring that it had no obligation to defend, indemnify, or reimburse the plaintiff and granted the plaintiff's cross motion for summary judgment declaring that it is obligated to defend, indemnify, or reimburse it in the underlying action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's cross motion is denied, the defendant's motion is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendant is not obligated to defend, indemnify, or reimburse its insured, the plaintiff United Talmudical Academy of Kiryas Joel, Inc., in the underlying action.

It is clear that insurance policy provisions, such as those in this case, requiring that notice of a potential claim be given to the insurance carrier as soon as practicable, act as conditions precedent to coverage (*see, White v City of New York,* 81 NY2d 955, 957). An insured's good-faith belief that the injured party would not seek to hold it liable, when reasonable under the circumstances, may excuse a delay in notifying an insurer of an occurrence or potential claim (*see, Argentina v Otsego Mut. Fire Ins. Co.,* 86 NY2d 748, 750; *D'Aloia v Travelers Ins. Co.,* 85 NY2d 825, 826; *Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441). "When the facts of an occurrence are such that an insured acting in good faith would not reasonably believe that liability on his part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' *if given promptly after the insured receives notice that a claim against him will in fact be made*" (*Merchants Mut. Ins. Co. v Hoffman, supra,* at 801 [emphasis added]). The burden is on the insured to show the reasonableness of its belief (*see, White v City of New York, supra,* at 957; *Eveready Ins. Co. v Levine,* 145 AD2d 526, 528), and whether that belief is reasonable is ordinarily a question of fact for the jury (*see, Kreger Truck Renting Co. v American Guar. & Liab. Ins. Co.,* 213 AD2d 453, 454; *Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816, *affd* 86 NY2d 748; *E.T. Nutrition v Central Mut. Ins. Co.,* 201 AD2d 451).

The plaintiff claims that it did not notify its insurer of the subject accident until November 5, 1992, two and one-half years after the occurrence, because it believed that the injured party was not going to commence a lawsuit. However, the plaintiff nevertheless failed to give prompt notice to the insurer of the lawsuit even after it was served with the summons and complaint in November 1991. Therefore, under the circumstances of this case, the plaintiff did not give notice of the occurrence as soon as practicable. O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.