■ NEW YORK CITY TRANSIT AUTHORITY, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY et al., Respondents, et al., Defendant. [737 NYS2d 83] —Order, Supreme Court, New York County (Richard Braun, J.), entered January 10, 2001, which, inter alia, granted the cross motions of defendants NAB Construction Corp./Grow Tunneling Corp., J.V. (NAB) and National Union Fire Insurance Company (National Union) for summary judgment declaring that they were not obligated to defend and indemnify the plaintiff New York City Transit Authority in the underlying personal injury action of codefendant Altagracia Simo, unanimously affirmed, without costs.

Inasmuch as the subject insurance policy required plaintiff insured to tender a notice of a claim thereunder to defendant insurer "as soon as practicable" and plaintiff has failed to offer a reasonable excuse for waiting to advise the insurer of the personal injury claim here at issue by Ms. Simo until some 27 months after it received notice of such claim, plaintiff's notice of claim was untimely as a matter of law (*see, Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129-130). Although plaintiff maintains that its delay was reasonable since it reasonably believed that there was no prospect that it would be held responsible for Ms. Simo's claim, the record discloses that a timely investigation of the circumstances underlying the claim, such as plaintiff insured was bound to undertake, would have apprised plaintiff that any belief it may have had in its nonliability was not well founded (*see, Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441). Accordingly, plaintiff's failure to satisfy the condition precedent of timely notice vitiated the policy (*see, Deso, supra*), and relieved NAB and National Union of any further obligations attendant thereto.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.