■ KAAN YARAR et al., Plaintiffs, v CHILDREN'S MUSEUM OF MANHATTAN, Defendant and Third-Party Plaintiff-Respondent. HERMITAGE INSURANCE COMPANY, Third-Party Defendant-Appellant. [772 NYS2d 85]—

In an action to recover damages for personal injuries, etc., and a third-party action, inter alia, for a judgment declaring that the third-party defendant is obligated to defend and indemnify the defendant third-party plaintiff with respect to the plaintiffs' causes of action, the third-party defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated December 12, 2002, which granted the motion of the defendant third-party plaintiff for summary judgment to the extent of directing it to defend the defendant third-party plaintiff and declaring that it was given "reasonable notice of the accident," and denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the third-party complaint is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the third-party defendant is not obligated to defend and indemnify the defendant third-party plaintiff with respect to the plaintiffs' causes of action.

The defendant third-party plaintiff, Children's Museum of Manhattan (hereinafter the Children's Museum), operates a children's museum open to the public. On November 7, 2000, the infant plaintiff Kaan Yarar hurt his mouth while playing on a slide in the museum's early childhood development center. An accident report prepared by the Children's Museum on that date stated that the child sustained "chipped teeth [and an] injured mouth; [that his] front teeth had impacted gums; [and the accident] occurred on [the] slide."

On February 28, 2001, the infant plaintiff's father, Ilhan Yarar, presented his son's medical bills amounting to $2,420 and $7,219.22, respectively, to the Comptroller of the Children's Museum. By letter dated March 2, 2001, the Comptroller informed Ilhan Yarar that "[u]pon reviewing the circumstances we have determined that the Children's Museum of Manhattan cannot be held responsible for the medical expenses that you incurred."

The plaintiffs retained an attorney who filed a summons and complaint against the Children's Museum, and by letter dated April 26, 2001, advised the Children's Museum to "immediately notify your insurance company." The Children's Museum notified its insurance broker who notified the third-party defendant, Hermitage Insurance Company (hereinafter Hermitage), of the occurrence on May 4, 2001. By letter dated June 4, 2001, Hermitage disclaimed coverage, citing provisions of the insurance policy which required the Children's Museum to notify it as soon as practicable of an " 'occurrence' . . . which may result in a claim" as well as notify it as soon as practicable of "a claim or 'suit'."

The Children's Museum commenced a third-party action against Hermitage for a judgment declaring that Hermitage was obligated to defend and indemnify it.

After issue was joined in the third-party action, the Children's Museum moved, inter alia, for summary judgment declaring that Hermitage was obligated to defend and indemnify it, and Hermitage cross-moved for summary judgment dismissing the third-party complaint. The Supreme Court granted the motion of the Children's Museum to the extent of directing Hermitage to provide a defense on the ground that Hermitage was "given reasonable notice of this accident" and denied the cross motion. We reverse.

The law is well settled that "[t]he requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage" (White v City of New York, 81 NY2d 955, 957 [1993]). Notice of the occurrence must be given to the insurer promptly after the insured receives notice that a claim against him will in fact be made (see United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co., 253 AD2d 423, 424 [1998]).

Under the circumstances of this case, Hermitage properly disclaimed any duty to defend or indemnify the Children's Museum with respect to the accident of November 7, 2000, based upon the Children's Museum's failure to comply with a condition precedent of coverage (see Deso v London & Lanca-

*shire Indem. Co. of Am.,* 3 NY2d 127 [1957]; *United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co., supra*).

Since the third-party action is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that Hermitage is not obligated to defend and indemnify the Children's Museum with respect to the plaintiffs' causes of action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.