■ CAROL DeFREITAS, Appellant, v TIG INSURANCE COMPANY, Respondent, et al., Defendants. [791 NYS2d 626]—

In an action for a judgment declaring that the defendant TIG Insurance Company is obligated to defend and indemnify the defendants Enrique M. Calderon and Janet Calderon in an underlying action entitled *DeFreitas v Calderon,* pending in the Supreme Court, Queens County, under Index No. 20692/00, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated October 23, 2003, which granted the motion of the defendant TIG Insurance Company for summary judgment and denied her cross motion for summary judgment declaring that the defendant TIG Insurance Company is obligated to defend and indemnify the defendants Enrique M. Calderon and Janet Calderon in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that TIG Insurance Company is not obligated to defend and indemnify the defendants Enrique M. Calderon and Janet Calderon in the underlying action entitled *DeFreitas v Calderon,* pending in the Supreme Court, Queens County, under Index No. 20692/00.

The subject insurance policy contained a provision requiring that notice of an accident be given to the defendant TIG Insurance Company (hereinafter TIG) as soon as practicable. The requirement that an insured notify its liability carrier of a potential claim as soon as practicable serves as a condition precedent to coverage (*see White v City of New York,* 81 NY2d 955 [1993]; *M&N Mgt. Corp. v Nationwide Mut. Ins. Co.,* 307 AD2d 257 [2003]). Notice of the occurrence must be given to the insurer promptly after the insured receives notice that a claim against them will in fact be made (*see Yarar v Children's*

*Museum of Manhattan,* 4 AD3d 420, 421 [2004]; *United Talmudical Academy of Kiryas Joel v Cigna Prop. & Cas. Co.,* 253 AD2d 423, 424 [1998]).

We agree with the Supreme Court that, under the circumstances of this case, TIG properly disclaimed any obligation to defend or indemnify the defendants Enrique M. Calderon and Janet Calderon (hereinafter the Calderons) with respect to the accident of April 5, 1999, based upon their failure to comply with a condition precedent to coverage (*see Deso v London & Lancashire Indem. Co. of Am.,* 3 NY2d 127 [1957]; *Yarar v Children's Museum of Manhattan, supra* at 421).

Since the action is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that TIG is not obligated to defend and indemnify the Calderons in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.