Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J), entered April 26, 2012, which, in this insurance coverage dispute, to the extent appealed from as limited by the briefs, denied plaintiff’s motion for summary judgment and granted defendant Grace Zaidman’s cross motion for summary judgment declaring that plaintiff is obligated to defend and indemnify defendant Sabina Zaidman in the underlying personal injury action, unanimously modified, on the law, to deny the cross motion and to vacate the declaration, and otherwise affirmed, without costs.
Despite the familial relationship between Sabina, the insured, *580 and Grace, the injured party, the court erred in finding as a matter of law that Sabina’s lengthy delay in notifying plaintiff insurer of the underlying accident was excusable (cf. Argentina v Otsego Mut. Fire Ins. Co., 86 NY2d 748, 750-751 [1995], affg 207 AD2d 816 [2d Dept 1994]). Indeed, an issue of fact exists as to whether Sabina reasonably believed that no claim would be asserted against her, given that she knew that her daughter Grace had “sustained] severe and permanent” injuries, described as “severe head injuries,” as a result of Grace’s fall on her property, had spent days with Grace in the hospital, and had cared for Grace during the “months” following the accident.
An issue of fact also exists as to whether plaintiff gave the insureds written notice disclaiming coverage, as required by Insurance Law § 3420 (d) (2) (see generally Excelsior Ins. Co. v Antretter Contr. Corp., 262 AD2d 124, 127-128 [1st Dept 1999]). The affidavit of plaintiff’s claims manager does not suffice as proof of mailing because it is not based on personal knowledge, and it is devoid of any representation that plaintiff has a standard office procedure for mailing notices such as the disclaimer at issue (compare Kaufmann v Leatherstocking Coop. Ins. Co., 52 AD3d 1010, 1012 [3d Dept 2008]; Jonathan Woodner Co. v Higgins, 179 AJ)2d 444 [1st Dept 1992], lv denied 80 NY2d 756 [1992]). Further, although the certified mail receipt for the letter is signed, the insureds deny signing it, and in fact, the signer’s one-word name does not appear to be the insureds’. Concur — Mazzarelli, J.P., Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.