■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v MARY ANN FASCIANO, as Administratrix of the Estate of ANDREW T. BROOKS, SR., Deceased, et al., Respondents. [622 NYS2d 738] —In an action, *inter alia,* for a judgment declaring that the plaintiff Government Employees Insurance Company is not obligated to defend or indemnify the estates of Andrew Brooks, Sr., and Marian Brooks, in any underlying actions arising from multiple shootings in their home in or about October 1991, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Winick, J.), dated January 12, 1994, as, *inter alia,* declared that it was obligated to defend and indemnify the defendants Mary Ann Fasciano, as administratrix of the estate of Andrew T. Brooks, Sr., and the estate of Marian Brooks in actions arising from the multiple shootings on or about October 1991.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and it is declared that the plaintiff is not obligated to defend and/or indemnify the defendant Mary Ann Fasciano, as administratrix of the estate of Andrew T. Brooks, Sr., and the estate of Marian Brooks, with respect to any actions arising from the multiple shootings in or about October 1991.

The essential facts are undisputed. Andrew T. Brooks, Sr., and Marian Brooks were the owners of premises at 53-42 254th Street, Little Neck, Queens County, New York, and were insured under a homeowner's policy issued by the plaintiff. On or about October 12-13, 1991, their son, Andrew T. Brooks, Jr., who was then about 47-years-old and who resided in the same household as his parents, shot and killed his mother and father. Thereafter, at the household premises, he shot and killed Daniel Gantovnik, Michael Zarabi, and Brian Ducker, and shot and wounded Stanley Sultan and Andrew Lazan. A few days later, he shot and killed himself.

After these events, Mary Ann Fasciano, the daughter of Andrew T. Brooks, Sr., and Marian Brooks, applied for letters of administration for the estate of Andrew T. Brooks, Sr., which letters were issued on January 24, 1992. Claims were filed against the estate by counsel for the victims Lazan, Ducker, Zarabi, and Gantovnik in February 1992, as amended in April 1992. However, Fasciano did not notify the plaintiff of the shooting spree or of the claims until August 10, 1992,

shortly after Sultan had commenced a personal injury action against the estate. The plaintiff immediately brought the instant declaratory judgment action on the ground that it had not been given notice of the incident as soon as was practical as required by the homeowner's insurance policy. The Supreme Court found that Fasciano's notice to the plaintiff in August 1992 was reasonable under the circumstances. We disagree.

The requirement that an insured notify its liability carrier of a potential claim "as soon as practicable" operates as a condition precedent to coverage *(see, White v City of New York, 81 NY2d 955, 957; Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 440)*. There may be circumstances such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse *(see, White v City of New York, supra; Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra)*. The record reveals that the proffered excuses for not providing timely notice of either the shooting incidents or of the claims against the estate are not reasonable under all the circumstances *(see, Winstead v Uniondale Union Free School Dist., 201 AD2d 721; Allstate Ins. Co. v Grant, 185 AD2d 911)*. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.