■ Mayer Horowitz et al., Respondents, v Transamerica Insurance Company et al., Appellants. [683 NYS2d 290] —In an action to recover damages for the breach of a contract to furnish fire damage insurance coverage, the defendants, Transamerica Insurance Company and TIG Insurance Company as successor to Transamerica Insurance Company, appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated January 20, 1998, which denied their motion, in effect, for partial summary judgment dismissing the plaintiffs' first cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first cause of action is dismissed.

In 1991 the plaintiff Mayer Horowitz applied for a homeowner's insurance policy. The application was processed by the Greenpoint Agency, Inc. (hereinafter Greenpoint). On July 2, 1994, there was a fire at the insured premises. A notice of loss dated August 19, 1994, was thereafter submitted to the defendant Transamerica Insurance Company through Greenpoint. The defendants later disclaimed liability because the insureds failed to submit a notice of loss as soon as practical in accordance with the terms of the policy. The Supreme Court determined that there was an issue of fact as to the reasonableness of the 48-day delay. We reverse, and grant the defendants' motion for partial summary judgment dismissing the first cause of action, which seeks to recover damages for breach of contract based upon the defendants' disclaimer of liability.

The excuse offered by Horowitz for his failure to promptly notify the defendants of the occurrence hinges on his claim that the fire destroyed the documents he needed in order for him to determine the identity of his homeowner's insurance carrier. Horowitz's ignorance of the identity of his homeowner's insurance carrier continued even up until the time of an examination under oath conducted on July 20, 1995, after the proofs of loss herein had been filed, during which he testified that he was "not sure" who insured the property. He also claimed, in his affidavit in opposition to the motion, that he did not know the identity of the agent who procured the insurance. This ignorance constitutes gross negligence, and no trier of fact could rationally conclude that the delay in furnishing notice of the loss, occasioned by such ignorance, was reasonable (*see generally, Deso v London & Lancashire Indem. Co.*, 3 NY2d 127; *Government Empls. Ins. Co. v Fasciano*, 212 AD2d 579; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497; *Losi v Hanover Ins. Co.*, 139 AD2d 702). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.