■ Louis Centrone, Appellant, v State Farm Fire & Casualty, Respondent. [713 NYS2d 211] —In an action pursuant to Insurance Law § 3420 (b) (1) to recover the amount of a judgment obtained against the defendant's insured, the plaintiff

appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Catterson, J.), entered October 27, 1999, as denied that branch of his cross motion which was for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 24, 1990, the plaintiff was injured while riding an all-terrain vehicle (hereinafter ATV). The ATV had been purchased by Robert Montero for his son, Jeffrey. At the time of the occurrence, the Monteros were insured under a home-owners' policy issued by the defendant which required the insured to provide written notice of an accident or occurrence "as soon as practicable" and to "immediately" forward any legal process relating to the accident or occurrence.

The defendant first received notice of the occurrence on April 20, 1993, when it received a summons and complaint from the Monteros in an action brought by the plaintiff against Sonia Montero. It promptly sent notices of disclaimer to each of the Monteros, disclaiming coverage, on the ground, *inter alia*, that they had failed to provide written notice of the occurrence as soon as practicable.

After a judgment was entered in that action against Sonia Montero upon her failure to appear or answer the complaint, the plaintiff commenced the instant action pursuant to Insurance Law § 3420 (b) (1) to recover the amount of the judgment from the defendant.

Compliance with the notice requirements of an insurance policy is a condition precedent to coverage (*see, Government Empls. Ins. Co. v Fasciano,* 212 AD2d 579). The defendant first received notice approximately two years and seven months after the occurrence. While there may be circumstances, such as lack of knowledge that an accident has occurred or a good faith belief in nonliability, that will excuse a delay in giving notice, the plaintiff failed to come forward with any evidence demonstrating the reasonableness of the delay in this case. Consequently, the defendant was entitled to summary judgment (*see, Government Empls. Ins. Co. v Fasciano, supra; Zadrima v PSM Ins. Cos.,* 208 AD2d 529).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.