■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v MARIA GARCIA et al., Respondents. [720 NYS2d 172] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated March 24, 2000, which denied its petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the uninsured motorist arbitration is permanently stayed.

"An insured must give notice to his or her [insurance carrier] within the time limit provided in the insurance policy or within a reasonable time under all the circumstances. Absent a valid excuse, failure to satisfy the notice requirement in an insurance policy vitiates coverage" (*Matter of Nationwide Ins. Co. v Beitsch,* 224 AD2d 623). In this case, the respondents proffered as an excuse that they were misled by the insurance code in the police accident report which indicated that their insurance carrier was Atlanta International Insurance Company as opposed to the petitioner, which is the actual insurance carrier.

An insured's ignorance of his or her insurance carrier constitutes gross negligence and is not a valid excuse for the failure to provide the carrier with timely notice (*see, Horowitz v Transamerica Ins. Co.,* 257 AD2d 560). Accordingly, the respondents failed to proffer a valid excuse, and arbitration should be permanently stayed. Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.