■ DEENA SATTAUR et al., Respondents, v GALLANTE PROPERTIES, INC., Appellant. [756 NYS2d 901] —In an action to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Queens County (Glover, J.), dated May 6, 2002, which denied its motion to vacate an order of the same court, dated February 24, 2000, granting the plaintiffs leave to enter judgment upon its default in appearing or answering, and (2) an order of the same court, dated October 24, 2002, which denied its motion for leave to reargue and renew the prior motion.

Ordered that the appeal from so much of the order dated October 24, 2002, as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that so much of the order dated October 24, 2002, as denied that branch of the defendant's motion which was for leave to renew is reversed, without costs or disbursements, that branch of the motion is granted, and upon renewal, the order dated May 6, 2002, is vacated, and the defendant's motion to vacate its default is granted; and it is further,

Ordered that the defendant's time to serve an answer is extended until 20 days after service upon them of a copy of this decision and order; and it is further,

Ordered that the appeal from the order dated May 6, 2002, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated October 24, 2002.

Contrary to the determination of the Supreme Court, the defendant's assertion that it "never receiv[ed] notice of this law suit" and its meritorious defense constituted a sufficient basis to vacate its default, since the defendant was never personally served with process (see CPLR 317; Di Lorenzo v Dutton Lbr. Co., 67 NY2d 138 [1986]). Further, the defendant established a reasonable justification for failure to submit specific facts in support of its meritorious defense with its original motion to vacate its default (see CPLR 2221 [e]). Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.