■ In the Matter of AIU INSURANCE COMPANY et al., Respondents, v MIMOSE HENRY, Appellant. [788 NYS2d 168]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Mimose Henry appeals (1) from an order of the Supreme Court, Rockland County (Bergerman, J.), dated April 22, 2003, which granted the petition and permanently stayed the arbitration, and (2), as limited by her brief, from so much of an order of the same court dated October 7, 2003, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 22, 2003, is dismissed, as that order was superseded by the order dated October 7, 2003, made upon reargument; and it is further,

Ordered that the order dated October 7, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

A claimant seeking uninsured motorist benefits is required to "give notice to his or her insurer within the time limit provided in the insurance policy or within a reasonable time under all the circumstances" as a condition precedent to the insurer's liability (*Matter of Allstate Ins. Co. v Kashkin*, 130 AD2d 744, 745 [1987]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons*

*Corp.,* 31 NY2d 436, 440 [1972]; *Matter of Eagle Ins. Co. v Garcia,* 280 AD2d 476, 477 [2001]; *Matter of Nationwide Ins. Co. v Bietsch,* 224 AD2d 623 [1996]). Absent a valid excuse, the failure to satisfy the notice requirement of an insurance policy vitiates coverage (*see Matter of Eagle Ins. Co. v Garcia, supra; Matter of Nationwide Ins. Co. v Bietsch, supra; Matter of Allstate Ins. Co. v Kashkin, supra*). Contrary to the claimant's contention, the correspondence between her attorney and the petitioner insurance company, and her submission of an application for no-fault benefits, did not provide the insurance company with the requisite notice of her claim for uninsured motorist benefits (*see Matter of Country-Wide Ins. Co. [Eun Kyu Park],* 277 AD2d 175 [2000]; *Matter of Nationwide Mut. Ins. Co. v Wexler,* 276 AD2d 490 [2000]; *Matter of Nationwide Ins. Co. v Bietsch, supra* at 624). Moreover, the claimant did not offer a valid excuse for her failure to give the insurance company timely notice. Accordingly, the Supreme Court properly granted the petition to stay arbitration. H. Miller, J.P., Krausman, Goldstein and Skelos, JJ., concur.