■ GALLANTE PROPERTIES, INC., Respondent, v STATE NATIONAL INSURANCE COMPANY, Appellant. [795 NYS2d 259]—

In an action for a judgment declaring that the defendant, State National Insurance Company, must defend and if necessary indemnify the plaintiff with respect to an underlying action to recover damages for personal injuries entitled *Sattaur v Gallante Properties, Inc.*, pending in the Supreme Court, Queens County, under index No. 7845/99, State National Insurance Company appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated September 30, 2004, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The appellant disclaimed coverage and therefore any duty to defend and if necessary indemnify the plaintiff in the underlying action to recover damages for personal injuries on the ground that the plaintiff did not comply with the policy provision that it notify the appellant of the occurrence as soon as practicable. The plaintiff contends that it notified the appellant of the occurrence as soon as it received notice itself of the occurrence. Lack of notice that an accident occurred constitutes a legitimate excuse for failing to notify the carrier (*see Centrone v State Farm Fire & Cas.*, 275 AD2d 728 [2000]; *Government Empls. Ins. Co. v Fasciano*, 212 AD2d 579 [1995]).

The plaintiff's default in the underlying action was vacated on the ground that it never received notice of the lawsuit and had a meritorious defense (*see Sattaur v Gallante Props.*, 304 AD2d 548 [2003]; CPLR 317). The question of whether the plaintiff's alleged lack of notice was attributable to its own negligence is an issue of fact (*see Fenske v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 1005 [2004]). Accordingly, the appellant's motion for summary judgment was properly denied. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.