SHIMON SITBON, Respondent, v UNITRIN PREFERRED INSURANCE COMPANY, Appellant. [860 NYS2d 147]—

In an action, in effect, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated June 18, 2007, which denied its motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion, in effect, for summary judgment dismissing the complaint is granted.

The plaintiff sought uninsured motorist benefits, under a policy of insurance issued by the defendant, for physical injuries he alleged were sustained in a hit-and-run accident on the evening of December 3, 2004. The defendant disclaimed coverage on the basis that the plaintiff failed to fulfill a condition precedent, applicable to hit-and-run accidents, that he, or someone on his behalf, provide notice of the accident, as relevant to this case, to the police or the Commissioner of Motor Vehicles (hereinafter the Commissioner), within 24 hours of the accident or as soon as reasonably possible. The plaintiff then commenced this action, in effect, to recover damages for breach of contract. The defendant moved, in effect, for summary judgment dismissing the complaint on the ground that the plaintiff failed to comply with the condition precedent of timely notifying either the police or the Commissioner.

The defendant made a prima facie showing of its entitlement to summary judgment dismissing the complaint by demonstrating, through the testimony of the plaintiff at the examination under oath and documentation, that timely notice was not provided to either the police or the Commissioner (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The plaintiff failed to raise a triable issue of fact as to whether he, or anyone on his behalf, provided timely notice, or any notice, of the accident to the police or the Commissioner. The plaintiff did not oppose the motion for summary judgment with an affidavit or affirmation from the individual who prepared the original of the unsigned, partially completed, MV-104 form (report of motor vehicle accident) dated December 20, 2004, attesting to the filing of the report with the Commissioner and when it was filed. The plaintiff's sworn statements as to his knowledge of who prepared the report on his behalf are directly contradictory, with no explanation of the contradiction. Additionally, the Commissioner's form report of a motor vehicle accident specifically provides, in bold lettering, that an accident report is not considered complete and filed unless it is signed.

As the plaintiff failed to fulfill a condition precedent to coverage, the defendant was entitled to summary judgment dismissing the complaint (*cf. Matter of Allcity Ins. Co. [Jimenez],* 78 NY2d 1054 [1991]; *Matter of AIU Ins. Co. v Henry,* 14 AD3d 506 [2005]). Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.