■ LUCY ORTIZ et al., Plaintiffs, v FAGE USA CORP. et al., Defendants. (Action No. 1.) FAGE USA CORP., Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. (Action No. 2.) [963 NYS2d 158]—

In an action to recover damages for personal injuries (action No. 1) and a related action (action No. 2) for a judgment declaring that Utica Mutual Insurance Company is obligated to defend and indemnify Fage USA Corp. in action No. 1, Utica Mutual Insurance Company appeals from an order of the Supreme Court, Queens County (Hart, J.), dated November 17, 2011, which granted the motion of Fage USA Corp. for summary judgment declaring that Utica Mutual Insurance Company is obligated to defend and indemnify it in action No. 1 under a commercial liability umbrella policy, No. CULP 3638638, issued by Utica Mutual Insurance Company.

Ordered that the order is reversed, on the law, with costs, the motion of Fage USA Corp. for summary judgment declaring that Utica Mutual Insurance Company is obligated to defend and indemnify it in action No.1 under a commercial liability umbrella policy, No. CULP 3638638, issued by Utica Mutual Insurance Company, is denied, upon searching the record, summary judgment is awarded to Utica Mutual Insurance Company, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that Utica Mutual Insurance Company is not obligated to defend and indemnify Fage USA Corp. in action No. 1 under a commercial liability umbrella policy, No. CULP 3638638, issued by Utica Mutual Insurance Company.

Fage USA Corp. (hereinafter Fage) commenced action No. 2 for a judgment declaring that the defendant in that action, Utica Mutual Insurance Company (hereinafter Utica), is obligated to

defend and indemnify it in action No. 1 (hereinafter the underlying action). Fage had a primary automobile insurance policy and a commercial liability umbrella policy, No. CULP 3638638 (hereinafter the umbrella policy), with Utica, and a primary automobile insurance policy with State Farm Mutual Insurance Company. The umbrella policy required Fage to inform it of an occurrence or suit as soon as practicable. Fage did not inform Utica of the underlying action or the automobile accident from which it arose until more than 2½ years after the accident, and more than two years after the underlying action was commenced. Fage claims that the delay was due to the fact that its counsel was unaware of the existence of the umbrella policy until October 2009. Fage asserts that, upon discovery of the umbrella policy, counsel immediately sent a letter to Utica advising it of the occurrence and suit, and informed the injured plaintiffs of the existence of the umbrella policy. The injured plaintiffs subsequently sent Utica written notice of the accident and underlying action. Utica acknowledged the potential for coverage under its primary policy, but refused to defend the underlying action under the umbrella policy.

Fage moved for summary judgment declaring that Utica is obligated to defend and indemnify it in the underlying action under the umbrella policy. The Supreme Court granted Fage's motion, and Utica appeals.

Fage did not establish its prima facie entitlement to judgment as a matter of law. The umbrella policy requires Fage to notify Utica of an occurrence or suit as soon as practicable. Such a requirement is a condition precedent to coverage (see White v City of New York, 81 NY2d 955 [1993]; Parmar v Hermitage Ins. Co., 21 AD3d 538 [2005]; DeFreitas v TIG Ins. Co., 16 AD3d 451 [2005]). Where an insurance policy requires that notice of an occurrence be given as soon as practicable, notice must be given within a reasonable time in view of all of the circumstances (see Deso v London & Lancashire Indem. Co. of Am., 3 NY2d 127 [1957]; AH Prop., LLC v New Hampshire Ins. Co., 95 AD3d 1243 [2012]; Konig v Hermitage Ins. Co., 93 AD3d 643 [2012]). Absent a valid excuse, the failure to satisfy the notice requirement of an insurance policy vitiates coverage (see Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054 [1991]; Utica First Ins. Co. v Vazquez, 92 AD3d 866 [2012]; Matter of AIU Ins. Co. v Henry, 14 AD3d 506 [2005]).

Here, no notice was given to Utica by Fage until more than 2½ years after the subject accident and more than two years after the underlying action was commenced. This was an unreasonable delay (see Hanson v Turner Constr. Co., 70 AD3d 641

[2010] [delay of two years in giving notice of accident to insurer was unreasonable]; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460 [2005] [delay of five months in giving notice after plaintiff first learned of action was unreasonable]). Fage has provided no evidence of circumstances, such as lack of knowledge of the accident or a reasonable belief in nonliability, to excuse its delay (*see White v City of New York*, 81 NY2d 955 [1993]; *Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d 1068 [2007]). Although Fage claims that its counsel was not aware of the existence of the umbrella policy until October 2009, such unawareness is not a valid excuse for the failure to provide Utica with timely notice (*see Matter of Eagle Ins. Co. v Garcia*, 280 AD2d 476 [2001]; *Horowitz v Transamerica Ins. Co.*, 257 AD2d 560 [1999] [an insured's ignorance of the identity of its insurance carrier constitutes gross negligence, and is not a valid excuse for the failure to provide the carrier with timely notice]).

Since the issue of Utica's obligation to defend and indemnify Fage in the underlying action was the subject of the motion for summary judgment before the Supreme Court, and there are no triable issues of fact regarding Utica's obligation, we search the record and award summary judgment to Utica declaring that it is not obligated to defend and indemnify Fage in the underlying action under the umbrella policy (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]).

Since action No. 2 is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that Utica is not obligated to defend and indemnify Fage in the underlying action under the umbrella policy (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.