■ In the Matter of AutoOne Insurance Company, Appellant, v Rosa Fernandez, Respondent. [989 NYS2d 619]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughn, J.), dated November 20, 2013, as, upon a decision of the same court (Sunshine, R.), dated September 7, 2012, determining, after a hearing, that a report of a hit-and-run accident had been made to the police within a reasonable time, in effect, denied the petition, lifted the temporary stay, and directed the parties to proceed to arbitration.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner, AutoOne Insurance Company (hereinafter AutoOne), commenced this proceeding to permanently stay arbitration of the respondent's claim for benefits under the uninsured motorist provisions of an insurance policy. The Supreme Court referred the matter to a special referee for a hearing to determine whether the respondent timely reported the accident and whether a second vehicle was involved in the collision. After holding the hearing, the referee determined that "the accident with a hit and run vehicle was reported to the police within a reasonable time." Upon that decision, the Supreme Court, in effect, denied the petition, lifted the temporary stay, and directed the parties to proceed to arbitration.

At the hearing, the respondent had the burden of proving by a "fair preponderance of the evidence" that there was a hit-and-run accident with an uninsured vehicle (*Matter of Henderson v Motor Veh. Acc. Indem. Corp.*, 112 AD2d 228, 229 [1985]; *see Matter of Avis Rent A Car Sys. v Grauman*, 119 AD2d 820 [1986]), and that she timely notified the proper authorities of the accident (*see Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d 947, 948 [2013]; *see also* 11 NYCRR 60-2.3 [f]). Here, the referee found that the respondent satisfied her burden.

"In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing the witnesses and hearing the testimony" (*Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d at 948; *see Matter of Liberty Mut. Ins. Co. v Vella*, 83 AD3d 716, 717 [2011]). Here, we find no basis to disturb the referee's credibility findings. Accordingly, the court properly, in

effect, denied the petition, lifted the temporary stay, and directed the parties to proceed to arbitration. Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.