■ In the Matter of HERTZ CORPORATION, Appellant, v LASHAWN HOLMES, Respondent. TRAVELERS INSURANCE COMPANY et al., Proposed Respondents. [10 NYS3d 92]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Archer, Ct. Atty. Ref.), dated June 6, 2014, which, after a hearing, in effect, denied that branch of the petition which was to permanently stay arbitration.

Ordered that the order is reversed, on the facts, with one bill

of costs payable by Lashawn Holmes, Travelers Insurance Company, and Precious Morrison, and that branch of the petition which was to permanently stay arbitration is granted.

On September 8, 2011, the respondent Lashawn Holmes was operating a rental vehicle which was owned and self-insured by the petitioner, Hertz Corporation (hereinafter Hertz), when it was involved in a collision with another vehicle near the intersection of East 108th Street and Flatlands 7th Street in Brooklyn. The other vehicle allegedly left the scene of the accident. After conducting an investigation, Hertz concluded that the other vehicle was owned by Precious Morrison and insured by Travelers Insurance Company (hereinafter Travelers). Morrison denied any involvement in the accident and, on that basis, Travelers denied Holmes's claim for property damage. Thereafter, Holmes filed a claim with Hertz for supplementary uninsured/underinsured motorist benefits. Hertz denied the claim, Holmes demanded arbitration, and Hertz commenced this proceeding to stay arbitration. In an order dated June 28, 2012, the Supreme Court, inter alia, denied that branch of Hertz's petition which was to temporarily stay arbitration pending a framed-issue hearing. Hertz appealed and, in a decision and order dated May 22, 2013, this Court reversed the order dated June 28, 2012, and remitted the matter to the Supreme Court, Kings County, for a framed-issue hearing to determine whether the vehicle owned by Precious Morrison was involved in the subject accident, and a new determination on that branch of the petition which was for a permanent stay of arbitration (see *Matter of Hertz Corp. v Holmes*, 106 AD3d 1001 [2013]).

The framed-issue hearing was conducted on June 6, 2014, before a court attorney referee, who had been directed to hear and determine the issue of whether Morrison's vehicle was involved in the subject accident. Both Holmes and Morrison testified. In addition, a certified copy of the police accident report was admitted into evidence without objection. Post-accident photographs of each vehicle were also admitted into evidence. In a decision made after the framed-issue hearing, the court attorney referee concluded that "Ms. Morrison's car was not in the accident," and, in an order dated June 6, 2014, the court attorney referee, in effect, denied the petition and dismissed the proceeding.

" 'In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing

court had the advantage of seeing the witnesses and hearing the testimony' " (*Matter of AutoOne Ins. Co. v Fernandez*, 119 AD3d 677, 678 [2014], quoting *Matter of Progressive Specialty Ins. Co. v Lubeck*, 111 AD3d 947, 948 [2013]).

Contrary to the Supreme Court's conclusion, the uncontroverted evidence adduced at the framed-issue hearing established that Morrison's vehicle, a 2003 Mercury Mountaineer, was involved in the subject accident. Holmes testified that the vehicle she was operating on September 8, 2011, was involved in a collision with a silver sport utility vehicle (hereinafter the SUV). According to Holmes, after the accident, the man who had been driving the SUV exited the vehicle, entered a nearby house and then exited it, holding a telephone. According to Holmes, the driver of the SUV handed the telephone to Holmes. Holmes testified that the SUV driver's wife was on the other end of the telephone call, and that the wife told Holmes, among other things, that she worked at Medgar Evers College. As Holmes explained it, at some point thereafter, the driver of the SUV moved the SUV out of the intersection where the collision occurred, and parked it down the block on Flatlands 7th Street. Holmes testified that she pulled her vehicle approximately six feet behind the other vehicle, and wrote down the license plate number. She further testified that, when the police arrived at the accident scene, she gave them the piece of paper containing the license plate number. The vehicle registered under that number was a silver 2003 Mercury Mountaineer, insured by Travelers and owned by Morrison, who resided on Flatlands Avenue, near the intersection where the accident occurred. While Morrison denied that her vehicle was involved in the accident or that anyone in her household ever drove her vehicle, she did not refute the evidence that the license plate number recorded by Holmes was the same as the license plate number of her Mercury Mountaineer (*see Matter of Government Empls. Ins. Co. v Boohit*, 122 AD3d 525 [2014]), and Morrison admitted that she worked at Medgar Evers College. Moreover, the photograph of Morrison's vehicle clearly showed damage to the right rear bumper, including a missing side light, which Morrison attempted to explain away with testimony that "[i]t's a little space there," and that the vehicle was a used vehicle with visible scratches upon it when she purchased it.

A review of the totality of the evidence adduced at the hearing demonstrates that, contrary to the Supreme Court's determination, Morrison's vehicle was involved in the subject accident (*see Matter of Liberty Mut. Ins. Co. v Young*, 124 AD3d 663 [2015]).

Accordingly, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.