■ ANNETTE PASTORE, Respondent, v DAVID SCHWARTZ, M.D., et al., Appellants. [58 NYS3d 447]—In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Troia, J.), dated September 11, 2015, which granted that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' prior motion which was for summary judgment dismissing the complaint, which had been granted in an order of the same court dated March 24, 2014, and, upon renewal, vacated the order dated March 24, 2014, and denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order dated September 11, 2015, is affirmed, with costs.

The plaintiff commenced this action against David Schwartz, Nancy Low, and the medical practice that they worked for, Staten Island Radiation Oncology, alleging that her breasts were burned when she received too much radiation while receiving treatment from the defendants. Prior to the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion.

Thereafter, the plaintiff moved for leave to renew and reargue her opposition to the defendants' motion, presenting evidence that she had received treatment for third-degree radiation burns on her breasts approximately 2½ weeks after the alleged medical malpractice. The Supreme Court granted that branch of the plaintiff's motion which was for leave to renew, and upon renewal, vacated its original determination and denied that branch of the defendants' prior motion which was for summary judgment dismissing the complaint. The defendants appeal.

This Court has noted that "there is a strong public policy which favors a determination on the merits" (*Adzer v Rudin Mgt. Co., Inc.*, 50 AD3d 1070, 1071-1072 [2008]). Further, "the Supreme Court is possessed of broad discretion in granting renewal, and the application of that discretion and the governing principles are to be flexibly applied to advance the interests of justice" (*id.* at 1072). Under the circumstances presented, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew (*see* CPLR 2221 [e]).

Further, in light of the conflicting factual allegations and the opposing expert medical opinions, upon renewal, the Supreme Court properly vacated its original determination and denied that branch of the defendants' motion which was for summary judgment dismissing the complaint (*see Weissman v Wider*, 235 AD2d 474, 475 [1997]). Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.