Matter of Allstate Ins. Co. v Robinson (2020 NY Slip Op 07051)





Matter of Allstate Ins. Co. v Robinson


2020 NY Slip Op 07051


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-11792
 (Index No. 603122/19)

[*1]In the Matter of Allstate Insurance Company, appellant, 
v
Michelle Robinson, respondent-respondent; GEICO Indemnity Company, et al., proposed additional respondents-respondents.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Levine and Wiss, PLLC, West Hempstead, NY (Mitchell Dranow of counsel), for respondent-respondent.
James G. Bilello & Associates, Hicksville, NY (Susan J. Mitola of counsel), for proposed additional respondents-respondents GEICO Indemnity Company and Vykema Lewis.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered September 26, 2019. The order, in effect, denied that branch of the petitioner's motion which was for leave to renew the petition, which had been denied and dismissed in an order of the same court entered May 30, 2019, and, upon reargument, adhered to the determination in the order entered May 30, 2019.
ORDERED that the order entered September 26, 2019, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, upon reargument, adhering to the determination in the order entered May 30, 2019, and substituting therefor provisions vacating the order entered May 30, 2019, reinstating the petition, and granting those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing on the issue of the offending vehicle's alleged noninvolvement and/or insurance coverage and for the joinder of the proposed additional respondents, GEICO Indemnity Company, Vkyema Lewis, and Karen Randall; as so modified, the order entered September 26, 2019, is affirmed, with one bill of costs to the petitioner payable by the respondent-respondent and the proposed additional respondents GEICO Indemnity Company and Vykema Lewis, appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing on the issue of the offending vehicle's alleged noninvolvement and/or insurance coverage, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
In May 2016, a vehicle driven by the respondent, Michelle Robinson, was struck from behind by another vehicle. According to Robinson, the driver of the offending vehicle identified herself as Karen Randall, and provided Robinson with her contact information. Robinson asserts that Randall left the scene of the accident before the police arrived. Robinson made a claim to the [*2]insurer of the offending vehicle, GEICO Indemnity Company (hereinafter GEICO), but GEICO denied Robinson's claim, stating that its insured was named Vykema Lewis, and that there was no evidence that Lewis was involved in the accident. Thereafter, Robinson demanded arbitration of her claim for uninsured motorist benefits from Allstate Insurance Company (hereinafter Allstate), the insurer of her vehicle. Allstate then commenced the instant proceeding seeking, inter alia, a permanent stay of arbitration of Robinson's claim, a framed-issue hearing on the issue of any alleged noninvolvement and/or insurance coverage with regard to the offending vehicle, and joinder of Randall, as well as GEICO and Lewis (hereinafter together the GEICO respondents), as additional respondents in the proceeding. In support of its petition, Allstate submitted a copy of the MV-104 motor vehicle accident report signed by Robinson, which included the license plate number of the offending vehicle, and a copy of an MVR vehicle record report with the results of a license plate search demonstrating that the offending vehicle was owned by Lewis and insured by GEICO.
In an order entered May 30, 2019, the Supreme Court, inter alia, denied Allstate's petition and dismissed the proceeding. Allstate subsequently moved for leave to renew and reargue the petition. In an order entered September 26, 2019, the Supreme Court, in effect, denied that branch of Allstate's motion which was for leave to renew, granted that branch of Allstate's motion which was for leave to reargue, and upon reargument, adhered to the original determination in the order entered May 30, 2019. Allstate appeals.
The Supreme Court providently exercised its discretion in denying that branch of Allstate's motion which was for leave to renew. Under CPLR 2221, "[a] motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion" (Bank of N.Y. v Attia, 172 AD3d 666, 668; see CPLR 2221[e][2]). However, such a motion "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512, 513). Here, in support of that branch of its motion which was for leave to renew, Allstate failed to present any new facts that would change the prior determination (see Bank of N.Y. v Attia, 172 AD3d at 668; Matter of Hoppenstein v Hoppenstein, 118 AD3d 998, 999; cf. Pastore v Schwartz, 151 AD3d 1071, 1071-1072).
However, upon reargument, the Supreme Court improvidently exercised its discretion in adhering to its original determination denying the petition and dismissing the proceeding. "The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680 [internal quotation marks omitted]; see Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003).
Here, the documents submitted by Allstate in support of the petition demonstrated the existence of sufficient evidentiary facts to establish a preliminary issue justifying a temporary stay (see Matter of Government Empls. Ins. Co. v Escoto, 178 AD3d 1040, 1042; Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 736). By submitting the MV-104 motor vehicle accident report and the MVR vehicle record report with the results of the license plate search for the plate number provided by Robinson, Allstate made a prima facie showing that the offending vehicle involved in the subject accident had insurance coverage with GEICO at the time of the accident (see Matter of Government Empls. Ins. Co. v Escoto, 178 AD3d at 1042; Matter of Country-Wide Ins. Co. v Santos, 175 AD3d 1530, 1531).
In opposition, Robinson and the GEICO respondents raised questions of fact as to whether the offending vehicle was involved in the subject accident (see Matter of Government Empls. Ins. Co. v Escoto, 178 AD3d at 1042; Matter of Mercury Ins. Group v Ocana, 46 AD3d 561, 563).
Accordingly, upon reargument, the Supreme Court should have vacated the order entered May 30, 2019, reinstated the petition, and granted those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing on the issue of the offending vehicle's alleged noninvolvement and/or insurance coverage and for the joinder of the proposed additional respondents.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court