Matter of Government Employees Ins. Co. v McCracken (2022 NY Slip Op 04724)

Matter of Government Employees Ins. Co. v McCracken

2022 NY Slip Op 04724

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-08478
 (Index No. 714695/17)

[*1]In the Matter of Government Employees Insurance Company, respondent, 
v
Alison McCracken, appellant.

Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
Gail S. Lauzon (James G. Bilello, Hicksville, NY [Susan J. Mitola], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental uninsured/underinsured motorist benefits, Alison McCracken appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered June 7, 2019. The order, after a framed-issue hearing, granted the petition and permanently stayed the arbitration.
ORDERED that the order is affirmed, with costs.
On June 28, 2016, Alison McCracken allegedly was injured as a pedestrian when she was struck by a vehicle. The driver of the vehicle was insured by the petitioner, Government Employees Insurance Company (hereinafter GEICO), which tendered its entire policy limit of $25,000 on McCracken's personal injury claim. Subsequently, McCracken sought supplemental uninsured/underinsured motorist (hereinafter SUM) benefits under a GEICO insurance policy issued to her father, and filed a demand for arbitration.
GEICO filed a petition pursuant to CPLR article 75 to permanently stay the arbitration, claiming that McCracken was not a resident relative of her father pursuant to his GEICO policy. McCracken answered the petition, and submitted an affidavit claiming that she lived with her father as of the date of the accident. After a framed-issue hearing, the Supreme Court granted the petition and permanently stayed the arbitration. McCracken appeals.
As the party seeking to permanently stay arbitration pursuant to the SUM endorsement of its insurance policy, GEICO bore the burden of coming forward with evidence establishing that McCracken was not a qualified insured person pursuant to the policy at issue (see Matter of Allstate Ins. Co. v Campanella, 170 AD3d 994, 995). "'Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing'" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680, quoting Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865; see Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d 925, 928).
Here, by submitting the police accident report that listed an address for McCracken other than that of her father's residence, GEICO met its prima facie burden of providing evidence that McCracken was not a resident relative of her father pursuant to his GEICO policy as of the date of the accident. McCracken failed to rebut this initial showing with evidence that she resided at her father's home with a degree of permanence and intention to remain (see Matter of State Farm Mut. Auto. Ins. Co. v Nicoletti, 11 AD3d 702, 703). Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration of the SUM claim.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court