Matter of Travelers Personal Ins. Co. v Dratch (2023 NY Slip Op 04775)

Matter of Travelers Personal Ins. Co. v Dratch

2023 NY Slip Op 04775

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2021-00284
 (Index No. 620707/18)

[*1]In the Matter of Travelers Personal Insurance Company, petitioner-respondent,
v
Lance Dratch, appellant; et al., proposed additional respondents.

The Sachs Firm, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Tina Newsome-Lee, Melville, NY (Tamara LeFranc of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Lance Dratch appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated November 5, 2020. The order, without a hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
The petitioner, Travelers Personal Insurance Company (hereinafter Travelers), commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured motorist benefits arising out of an alleged hit-and-run accident, on the ground, among other things, that its insured, Lance Dratch, failed to give timely notice of the claim as required by the subject policy. In an order dated November 5, 2020, the Supreme Court granted the petition. Dratch appeals.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680 [internal quotation marks omitted]; see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1188). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865; Matter of Allstate Ins. Co. v Robinson, 188 AD3d at 1188-1189). "Where a triable issue of fact is raised, the Supreme Court . . . must determine it in a framed-issue hearing" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003; see Matter of Allstate Ins. Co. v Robinson, 188 AD3d at 1189).
The subject insurance policy required Dratch, as a condition of coverage, to notify Travelers of a claim under the supplementary uninsured motorist coverage "as soon as practicable." This requirement operates as a "condition precedent to coverage" (White v City of New York, 81 NY2d 955, 957; see Ortiz v Fage USA Corp., 105 AD3d 720, 721). Where, as here, "an insurance [*2]policy requires that notice of an occurrence be given as soon as practicable, notice must be given within a reasonable time in view of all of the circumstances" (Ortiz v Fage USA Corp., 105 AD3d at 721; see Deso v London & Lancashire Indem. Co. of Am., 3 NY2d 127, 129). "Absent a valid excuse, failure to satisfy an insurance policy notice requirement vitiates coverage" (Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1055; see Ortiz v Fage USA Corp., 105 AD3d at 721).
Here, Travelers demonstrated, prima facie, that Dratch failed to provide Travelers with notice of his claim as soon as practicable, through its submission, inter alia, of an affidavit from an employee and accompanying business records reflecting that Travelers did not receive notice of Dratch's claim until more than four months after the accident occurred (see ZL v Zurich Am. Ins. Co., 214 AD3d 846, 849; Heneghan v State Farm Fire & Cas. Co., 175 AD3d 1267, 1269). In opposition, Dratch failed to raise a triable issue of fact as to whether he provided timely notice, or whether he had a valid excuse for his failure to provide timely notice (see Matter of Country-Wide Ins. Co. v Chaudry, 171 AD3d 1052, 1053). Accordingly, the Supreme Court properly granted, without a hearing, that branch of the petition which was to permanently stay arbitration (Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580, 581).
Dratch's remaining contention is improperly raised for the first time on appeal.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court