Matter of Government Empls. Ins. Co. v Bermeo (2024 NY Slip Op 04388)

Matter of Government Empls. Ins. Co. v Bermeo

2024 NY Slip Op 04388

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-08142
2023-02615
 (Index No. 720674/21)

[*1]In the Matter of Government Employees Insurance Company, respondent, 
v
Franklin Bermeo, appellant.

Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Carolyn M. Canzoneri and Dominic DiPrisco of counsel), for appellant.
Katie A. Walsh, Melville, NY (Andrew Weber of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Franklin Bermeo appeals from (1) a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered September 9, 2022, and (2) an order of the same court entered January 27, 2023. The judgment, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration. The order, insofar as appealed from, in effect, upon reargument, adhered to the determination in the judgment.
ORDERED that the appeal from the judgment is dismissed, as the judgment was superseded by the order, made, in effect, upon reargument; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
On August 6, 2020, Franklin Bermeo allegedly was injured when he was struck by a vehicle as he was walking across an intersection with the pedestrian light in his favor near Rockaway Beach. According to the police accident report, the driver of the vehicle, Anthony Mack, was driving an e-bike. Subsequently, Bermeo sought uninsured motorist benefits under an insurance policy issued by the petitioner. The petitioner denied coverage, and Bermeo filed a demand for arbitration of his claim for uninsured motorist benefits.
The petitioner commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration, arguing that Bermeo was struck by an e-bike, which was not a motor vehicle under the terms of the policy, and thus, Bermeo was not entitled to uninsured motorist benefits. In an order dated December 6, 2021, the Supreme Court temporarily stayed arbitration and set the matter down for a framed-issue hearing to determine, among other things, whether the vehicle that struck Bermeo qualified as a motor vehicle under the terms of the policy. The framed-issue hearing was held over the course of three days. Mack was deceased as of the time of the hearing. The parties stipulated to entering the police accident report into evidence, which stated that zero motor vehicles were involved in the accident and that Bermeo was struck by a "CAMLTE" e-bike, [*2]and which did not include any license or registration information for Mack. Following the framed-issue hearing, in a judgment entered September 9, 2022, the court granted that branch of the petition which was to permanently stay arbitration. Subsequently, Bermeo moved for leave to reargue. In an order entered January 27, 2023, the court, in effect, granted reargument and, upon reargument, adhered to the prior determination. Bermeo appeals.
As the Supreme Court reviewed Bermeo's contentions on his motion for leave to reargue, the court, in effect, granted reargument and, upon reargument, adhered to the prior determination (see Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d 936, 938). Therefore, the order entered January 27, 2023, is appealable.
"'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d 1526, 1527, quoting Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680; see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1188). "'Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing'" (Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d at 1527, quoting Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865). "'Where, as here, a matter is determined after a hearing, this Court's power to review the evidence is as broad as that of the hearing court, taking into account in a close case the fact that the hearing court had the advantage of seeing the witnesses'" (Matter of Travelers Home & Mar. Ins. Co. v Miller, 220 AD3d 875, 877, quoting Matter of State Farm Mut. Auto. Ins. Co. v Rodriguez, 195 AD3d 727, 728).
Here, by introducing into evidence the police accident report that indicated, inter alia, that the vehicle Mack was driving was an e-bike and that zero motor vehicles were involved in the accident, the petitioner met its prima facie burden of providing evidence that a motor vehicle was not involved in the accident (see Matter of Government Empls. Ins. Co. v McCracken, 207 AD3d 721, 722).
In response, Bermeo failed to sufficiently rebut the petitioner's prima facie showing (see id.). Contrary to Bermeo's contention, he did not submit overwhelming evidence that the vehicle was, in fact, a motorcycle. Among other things, while an eyewitness testified that the vehicle involved was a motorcycle, she testified that she only observed the vehicle during the accident. She did not observe the vehicle after the accident and did not testify to seeing a license plate, engine, gas tank, or source of power for the vehicle. Further, she conceded that she could not describe the different parts of the vehicle because her focus was on Bermeo.
Thus, a review of the totality of the evidence adduced at the hearing, as well as the deference accorded to the Supreme Court's vantage point of seeing and hearing all of the witnesses, demonstrate that the court did not err in concluding that a motor vehicle was not involved in the accident (see e.g. id.; Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628, 628; cf. Matter of Hertz Corp. v Holmes, 127 AD3d 1193, 1195).
Bermeo's contention that the petitioner should not be allowed to disclaim uninsured motorist benefits because the petitioner already paid his medical bills pursuant to the no-fault provision of the policy was improperly raised for the first time on reargument (see FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 651, 654).
Accordingly, the Supreme Court, upon reargument, properly adhered to its prior determination granting that branch of the petition which was to permanently stay arbitration.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court