Matter of Government Empls. Ins. Co. v Enriquez (2024 NY Slip Op 04770)

Matter of Government Empls. Ins. Co. v Enriquez

2024 NY Slip Op 04770

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-01876
 (Index No. 506403/22)

[*1]In the Matter of Government Employees Insurance Company, appellant, 
v
Brenda Enriquez, respondent.

Katie A. Walsh, Melville, NY (Andrew Weber of counsel), for appellant.
Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated January 9, 2023. The order, insofar as appealed from, denied those branches of the petition which were to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 25, 2021, the respondent, Brenda Enriquez, was driving her motor vehicle in Brooklyn when her vehicle was struck by another vehicle. In an uncertified police accident report, the vehicle that struck the respondent's vehicle was described as an e-bike. The respondent sought uninsured motorist benefits under an insurance policy issued to her by the petitioner, Government Employees Insurance Company, and demanded arbitration.
The petitioner then commenced this proceeding pursuant to CPLR article 75, seeking, among other things, to permanently stay arbitration of the claim for uninsured motorist benefits or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing. The petitioner argued that the respondent's vehicle was struck by an e-bike, which was not a motor vehicle as defined in Vehicle and Traffic Law § 125. In an order dated January 9, 2023, the Supreme Court, inter alia, denied those branches of the petition which were to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing. The petitioner appeals.
"'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d 1526, 1527, quoting Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680; see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1188). "'Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing'" (Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d at 1527, quoting Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865; see Matter of Allstate Ins. Co. v Robinson, 188 AD3d at 1188-1189). "'Where a triable issue of fact is raised, the Supreme Court . . . must determine it in a framed-issue hearing'" (Matter of Travelers Personal Ins. Co. v Dratch, [*2]219 AD3d at 1527, quoting Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003; see Matter of Allstate Ins. Co. v Robinson, 188 AD3d at 1189). "An uncertified police accident report does not constitute admissible evidence, absent a proper foundation for its admissibility" (Yassin v Blackman, 188 AD3d 62, 63; see Hart v Chiang, 222 AD3d 628, 629; Matter of Government Employees Ins. Co. v Hua Huang, 139 AD3d 950, 950-951; Matter of Hertz Vehs., LLC v Monroe, 138 AD3d 847, 849).
Here, the petitioner failed to sustain its initial burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue that would justify the stay (see Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d at 1527). To allege that the respondent's vehicle was struck by an e-bike, the petitioner only submitted an uncertified police accident report, providing no other evidence (see Pena v KST Trucking, Inc., 206 AD3d 1007, 1008). Thus, the petitioner failed to submit sufficient evidentiary facts to substantiate the claim that the vehicle that struck the respondent's vehicle was not a motor vehicle as defined in Vehicle and Traffic Law § 125.
Accordingly, the Supreme Court properly denied those branches of the petition which were to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing. In light of the foregoing, we need not reach the petitioner's remaining contentions.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court