Matter of Allstate Fire & Cas. Ins. Co. v Alas
2026 NY Slip Op 03439
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Matter of Allstate Fire & Casualty Insurance Company, appellant,
v
Roberto Antonio Escobar Alas, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-10496, (Index No. 85126/24)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for appellant.
Brian J. Levy & Associates, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated October 1, 2024. The order, insofar as appealed from, denied that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
The petitioner, Allstate Fire & Casualty Insurance Company, commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits arising out of an alleged hit-and-run accident, on the ground, among others, that its insured, the respondent, Roberto Antonio Escobar Alas, failed to satisfy a condition precedent to arbitration as required by the insurance policy (hereinafter the subject policy). The subject policy required the insured to report an accident to a police, peace, or judicial officer, or to the Commissioner of Motor Vehicles, within 24 hours or as soon as reasonably possible. In an order dated October 1, 2024, the Supreme Court, among other things, denied that branch of the petition. The petitioner appeals.
"Where, as here, 'an insurance policy requires that notice of an occurrence be given as soon as practicable, notice must be given within a reasonable time in view of all of the circumstances'" (Matter of Travelers Personal Ins. Co. v Dratch, 219 AD3d 1526, 1527, quoting Ortiz v Fage USA Corp., 105 AD3d 720, 721). Alas's failure to comply with this condition precedent, absent a valid excuse, vitiates coverage under the subject policy (see Matter of Progressive Direct Ins. Co. v Ostapenko, 176 AD3d 1068, 1069; Matter of Government Empls. Ins. Co. v Bartlett, 112 AD3d 826, 827).
Accordingly, the Supreme Court should have granted that branch of the petition which was to permanently stay arbitration (see Matter of Progressive Direct Ins. Co. v Ostapenko, 176 AD3d at 1069; Matter of Government Empls. Ins. Co. v Bartlett, 112 AD3d at 827).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court